BETTY THOMPSON, Plaintiff-Appellant, v. TORMIKE, INCORPORATED, d/b/a Marco's Dog House, Defendant-Appellee.

First District (3rd Division)   No. 83—1670

Opinion filed September 28, 1984.

Ettinger & Schoenfield, Ltd., of Chicago (Rick M. Schoenfield and Craig J. Katz, of counsel), for appellant.

Sherwin Greenberg, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Betty Thompson, appeals from an order of the trial court granting the motion of defendant, Tormike, Incorporated, to dismiss plaintiff's complaint for failure to state a cause of action. The complaint alleged that: (1) on or about January 10, 1981, plaintiff was injured when she slipped and fell in the parking lot of Marco's Dog House, a restaurant owned and operated by defendant; (2) defendant maintained the parking lot to the restaurant in a condition dangerous to life and detrimental to health by allowing an unreasonable amount

of ice to accumulate thereon; (3) as a result of the condition of the parking lot plaintiff was injured in her head, body and limbs and suffered bodily pain and injury and mental anguish; and (4) the parking lot constituted a public nuisance in violation of chapter 99, section 4, of the Municipal Code of Chicago.

Plaintiff contends that the parking lot was a public nuisance. Plaintiff further contends that an action in nuisance may be maintained for compensation for personal injuries against the party responsible for a public nuisance. Plaintiff thence concludes that her complaint stated a cause of action.

Chapter 99 of the Municipal Code of Chicago provides in relevant part:

> "Every building or structure constructed or maintained in violation of the building provisions of this code, or which is in an unsanitary condition, or in an unsafe or dangerous condition, or which in any manner endangers the health or safety of any person or persons, is hereby declared to be a public nuisance."

> "It shall be the duty of the commissioner of buildings to serve notice, in writing, upon the owner, occupant, agent, or person in possession, or control of any lot, building, or premises in or upon which any nuisance may be found \*\*\* requiring him to abate the same in such manner as he shall prescribe, within a reasonable time."

> "Any person violating any of the provisions of this chapter shall be fined not less than five dollars and not more than two hundred dollars for each offense, except where otherwise specifically provided. A separate and distinct offense shall be held to have been committed each day any person continues to violate any of the provisions hereof." (Chicago Municipal Code 1982, ch. 99, secs. 99—4, 99—1, 99—74.)

Chapter 99 does not expressly authorize a private cause of action for damages. We are aware that "when a statute is enacted for the protection of a particular class of individuals, a violation of its terms may result in civil as well as criminal liability even though the former remedy is not specifically mentioned therein." (*Teale v. Sears, Roebuck & Co.* (1976), 66 Ill. 2d 1, 5, 359 N.E.2d 473; *Heimgaertner v. Benjamin Electric Mfg. Co.* (1955), 6 Ill. 2d 152, 155, 128 N.E.2d 691.) However, we are of the opinion that a cause of action should not here be implied. A private cause of action is not necessary to achieve the aim of the city ordinance. (See *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849; *Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 392 N.E.2d 154.) The ordinance provides that a violator

shall be fined $5 to $200 for each offense committed and that a separate and distinct offense shall be held to have been committed each day the violation continues. The fines can thus be substantial and in all probability will deter the commission of the offense.

Moreover, the law of Illinois is that a landowner has no duty to remove or take other precautions against the dangers inherent in natural accumulations of snow and ice. (*Smalling v. La Salle National Bank* (1982), 104 Ill. App. 3d 894, 896, 433 N.E.2d 713; *Hankla v. Burger Chef Systems, Inc.* (1981), 93 Ill. App. 3d 909, 910, 418 N.E.2d 35; *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 548, 400 N.E.2d 16.) Liability will be imposed only where the injury occurred as a result of snow and ice which is produced or accumulated by an artificial cause or in an unnatural way or by defendant's own use of the area concerned and creation of the condition. (*Smalling v. La Salle National Bank* (1982), 104 Ill. App. 3d 894, 897; *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 548.) Were we to allow a private cause of action under a public nuisance theory, we would defeat the established law in Illinois regarding liability for removal of snow and ice. We refuse to do so.

For the aforementioned reasons the order of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Affirmed.

RIZZI, P.J., and McGILLICUDDY, J., concur.