HELEN LOHAN, Plaintiff-Appellant, v. WALGREENS COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—1305

Opinion filed January 17, 1986.

Bruce A. Dickman and Michael D. Gerstein, both of Chicago, for appellant.

Tyrrell & Flynn, of Chicago (Michael A. Tyrrell and Marcia L. Cohen, of counsel), for appellee Walgreens Co.

Querry, Harrow, Gulanick & Kennedy, Ltd., of Chicago (James N. Kosmond, Victor J. Piekarski and Michael Resis, of counsel), for appellee Dominick's Finer Foods, Inc.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Helen Lohan appeals from a circuit court order granting summary judgment for defendants Walgreens Company and Dominick's Finer Foods, Incorporated, in plaintiff's suit for personal injuries sustained when she slipped and fell in the vestibule of a common entranceway to the defendants' stores.

We affirm.

In her second amended complaint the plaintiff alleged that on October 15, 1978, she slipped and fell on the wet surface of a common entranceway to the defendants' stores on 87th Street and Cicero Avenue in Chicago. Plaintiff further alleged that although it was the duty of the defendants to keep the area in a safe condition and it was their custom and practice to set out safety mats in inclement weather, they did not do so on the date in question. Plaintiff also alleged that defendants were negligent in having permitted water to remain on the floor and in failing to warn the plaintiff of the dangerous condition of the wet floor.

In her deposition the plaintiff stated that there was a "nice downpour" on the day of the accident, a rain which continued until she fell. As she approached the outer electronically controlled door to the defendants' vestibule she observed a rubber mat on each side of the door. These mats were wet, as was the concrete leading up to the

mat. She entered the first door and stepped onto the inside mat. The surface of the floor inside the vestibule was also wet. As she stepped off the mat onto that floor she slipped and fell.

The plaintiff said she did not know why her foot slipped. "It was like an impression like you slip on a small piece of paper, or, you know, just wet cement or tile." However, she neither saw nor felt any paper when she fell. Nor did she observe any debris or any puddles on the floor.

Willis Browning, store manager for Dominick's at the time of the accident, stated in his deposition that in his eight years at the store it had always been the practice and policy to put down additional safety mats in the vestibule when it snowed or rained.

The defendants moved for summary judgment on the ground that plaintiff admittedly could not establish the cause of her fall and that even assuming the evidence could establish a fall caused by tracked-in water, defendants were not liable for injuries arising from such a natural accumulation. The trial court initially denied the motions, but subsequently, upon the defendants' motion for reconsideration, granted summary judgment for the defendants. Plaintiff appealed from that latter order.

■■ In this court the plaintiff has asked for leave to file a supplementary report of proceedings containing a transcript of the original hearing on defendants' motion for summary judgment. The trial court refused to certify this transcript, and defendants have objected to its filing in this court. Plaintiff has failed to inform this court of the basis of the trial court's refusal. Furthermore, plaintiff has represented to this court that the transcript at issue contains no evidentiary matters, only legal argument. Plaintiff was of course free to present the same legal arguments to this court. Under these circumstances we deny plaintiff's motion. 87 Ill. 2d R. 329.

As we have noted, it is defendants' contention that summary judgment was properly granted because the plaintiff could not even identify the cause of her fall. We need not reach this question, however, because we find that even assuming, as plaintiff contends, that plaintiff slipped because the floor was wet from tracked-in moisture, defendants as a matter of law are not liable for this natural accumulation.

■■ It is undisputed that as a general rule a landowner has no liability for injuries resulting from natural accumulations of substances such as ice, snow or water. (*Wolter v. Chicago Melrose Park Associates* (1979), 68 Ill. App. 3d 1011, 386 N.E.2d 495.) Nor does the owner have a duty to continuously remove the tracks left by cus-

tomers who have walked through such natural accumulations. (*Bakeman v. Sears, Roebuck & Co.* (1974), 16 Ill. App. 3d 1065, 307 N.E.2d 449.) Contrary to plaintiff's contentions, these principles also apply to snow or water that is tracked inside a building from natural accumulations outside. *Walker v. Chicago Transit Authority* (1980), 92 Ill. App. 3d 120, 416 N.E.2d 10; *Moran v. St. Paul Federal Savings & Loan Association* (1967), 83 Ill. App. 2d 478, 228 N.E.2d 97.

In *Walker* the plaintiff had entered a CTA station on a rainy day and slipped on a puddle of water that had accumulated at the bottom of a stairway. The evidence established that the entire station was wet due to tracked-in water. In affirming a directed verdict for the defendant, this court found that the plaintiff had failed to establish that the puddle of water was anything other than a natural accumulation caused by the weather, for which a landowner was not liable.

In *Moran v. St. Paul Federal Savings & Loan Association* (1967), 83 Ill. App. 2d 478, 228 N.E.2d 97, the plaintiff had slipped on stairs in defendant's building. The evidence established that snow had been tracked in to the point where the plaintiff slipped. Plaintiff had also introduced some conflicting testimony concerning a foreign substance on the stairs, but the court held the evidence insufficient to present a jury question on the issue of negligence. As to the tracked-in snow, the reviewing court found that the presence of this wetness, plainly visible to all persons, could not establish negligence on the defendant's part, because to do so would make the defendant an insurer of the safety of invitees to the premises.

In response to our request at oral argument for a supplemental memorandum citing any authority directly supporting liability in this cause, plaintiff has cited only two cases, one of which is an Illinois Court of Claims case. That body was created only to receive and process claims against the State; it was not to function as a court adjudicating cases and does not encroach on courts of law. (*Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 355 N.E.2d 537.) Accordingly, we do not find an opinion issued by that body to have any precedential value in a court of law.

The only other case cited by plaintiff as supporting liability in this cause is *Deike v. Sears, Roebuck & Co.* (1983), 112 Ill. App. 3d 747, 445 N.E.2d 1258. In *Deike* the plaintiff slipped and fell on the lower level of a retail store, allegedly because she stepped in a puddle of water. The jury initially returned a verdict for the plaintiff, but the trial court granted a new trial, finding that it had erred in withdrawing the issue of plaintiff's negligence from the jury. The appellate court affirmed, holding that it was for the jury to determine whether plain-

tiff had been negligent in fact and look where she was walking. We find no support in this case of the proposition that a storeowner is liable for injuries resulting from tracked-in snow or water. The *Deike* court did not address the issue; indeed, the court apparently assumed that the water in question was not a natural accumulation. Although in its factual summary the court did note that it was snowy on the date of the occurrence, the court also noted that the water allegedly was on a lower level, and it found liability would depend on the existence of a "foreign object" causing the plaintiff to fall.

The only Illinois case we have uncovered in which the courts have found a storeowner liable for injuries resulting from tracked-in water is a case in which the plaintiff had specifically alleged that the materials used in the floors at issue were particularly slippery and dangerous when wet. *Fanning v. LeMay* (1966), 78 Ill. App. 2d 166, 222 N.E.2d 815 (reversing, *inter alia*, dismissal of count alleging that asphalt tile became very slippery and dangerous when wet); reversed as to other counts in an opinion not addressing this issue in *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182. No such allegation was made in this case. Thus assuming, *arguendo*, that a jury could infer that plaintiff slipped on a floor made wet by tracked-in water, defendants would, as a matter of law, not be liable for this injury.

■ Plaintiff contends that a duty to her arose from defendants' prior voluntary undertaking to lay down additional safety mats when the floor was wet. But where the accumulation is a natural one there is no duty to continue a voluntary undertaking to remove it (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80), nor is there any liability even where the owner may be charged with knowledge that the accumulation caused a dangerous condition. *Wolter v. Chicago Melrose Park Associates* (1979), 68 Ill. App. 3d 1011, 386 N.E.2d 495.

The judgment of the trial court is affirmed.

Affirmed.

MEJDA, P.J.,* and SULLIVAN, J., concur.

---

*This opinion was concurred in prior to the retirement of Presiding Justice James J. Mejda from the court.