JOHN GALIVAN, Plaintiff-Appellant, v. LINCOLNSHIRE INN, Defendant-Appellee.

Second District   No. 85—0365

Opinion filed September 18, 1986.

Michael D. Ronin, of Lane & Munday, of Chicago, for appellant.

Richard Fred Johnson, Hugh C. Griffin, and Diane I. Jennings, all of Lord, Bissell & Brook, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

The plaintiff, John Galivan, appeals from the judgment of the circuit court of Lake County which granted summary judgment in favor of the defendant, Lincolnshire Inn, pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005). The complaint for negligence alleged, in part, that the plaintiff slipped

and fell as a result of an unnatural accumulation of ice and snow in a parking lot owned by the defendant.

On appeal, the plaintiff's sole contention is that the defendant was not entitled to a judgment as a matter of law because the plaintiff's fall was the result of an unnatural accumulation of ice and snow. For the reasons set forth below, the judgment of the circuit court is affirmed.

The principles that a court of review applies in determining whether the trial court properly granted summary judgment are well established (see, *e.g., Bauer v. City of Chicago* (1985), 137 Ill. App. 3d 228, 231; *Pedersen v. Joliet Park District* (1985), 136 Ill. App. 3d 172, 175; *Schmolke v. Highland Butterfield, Inc.* (1984), 128 Ill. App. 3d 710, 712-13) and will not be recited here.

■ It has long been the law in Illinois that a property owner has no duty to remedy and is, therefore, not liable for injuries caused by the natural accumulation of ice and snow on his or her property. (*Thompson v. Tormike, Inc.* (1984), 127 Ill. App. 3d 674, 676; *Williams v. Alfred N. Koplin & Co.* (1983), 114 Ill. App. 3d 482, 486; *Hankla v. Burger Chef Systems, Inc.* (1981), 93 Ill. App. 3d 909, 910; *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 144-45.) However, a property owner does have a duty and, therefore, may be liable where the injuries are a result of an unnatural or artificial accumulation of ice and snow or a natural condition aggravated by the owner. (*Thompson v. Tormike, Inc.* (1984), 127 Ill. App. 3d 674, 676; *Williams v. Alfred N. Koplin & Co.* (1983), 114 Ill. App. 3d 482, 486; *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 145; *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 548; see also *Gilberg v. Toys "R" Us, Inc.* (1984), 126 Ill. App. 3d 554, 557.) In order to withstand a motion for summary judgment, a plaintiff must allege sufficient facts to permit the trier of fact to find that the defendant was, in fact, responsible for an unnatural accumulation of ice and snow which caused the plaintiff's injuries. *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 145.

Here, the undisputed facts are that the defendant's parking lot was covered with icy ruts and ridges which had been formed by the tires of automobiles of other business patrons. The parking lot had not been plowed, scraped or salted. As the plaintiff returned to his automobile, he slipped and fell and was injured.

■■ The plaintiff has not offered any facts which would allow a jury to find that the ice and snow in the parking lot where the plaintiff fell was anything other than a natural accumulation. For instance, the plaintiff has not alleged that the accumulation was a result of the

defendant's clearing operations or design deficiencies. (See *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 145; *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 549-50.) It is well established in Illinois that where, as here, snow has fallen naturally, the mere fact that traffic usage and fluctuating temperatures have molded the snow into an uneven surface of ruts and ridges does not demonstrate an unnatural accumulation of snow or ice. (*Strappelli v. City of Chicago* (1939), 371 Ill. 72, 74-75; *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 145; *Casper v. City of Chicago* (1943), 320 Ill. App. 269, 271-73.) Although the above cases which absolved the defendants of liability involved uneven surfaces created by pedestrian traffic, we believe that the reasoning employed there is applicable to the present case. Because the accumulation of ice and snow was a natural formation, the defendant owed the plaintiff no duty to remove it or warn him. Therefore, the defendant is not liable for the plaintiff's injuries, and the trial court properly granted summary judgment in favor of the defendant.

In accordance with the views expressed above, the judgment of the circuit court is affirmed.

*Affirmed.*

WOODWARD and HOPF, JJ., concur.