CLARICE BERNARD *et al.*, Plaintiffs-Appellants, v. SEARS, ROEBUCK & COMPANY, Defendant-Appellee (Milwaukee Golf Development Corporation *et al.*, Defendants).

First District (1st Division)   No. 87—2093

Opinion filed February 16, 1988.

John A. McLaughlin and Albert Speisman, both of Albert Speisman & Associates, of Chicago, for appellants.

Arthur L. Klein, Adele Rapport, and Jeffrey T. Massari, all of Arnstein, Gluck, Lehr & Milligan, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

The plaintiffs, Clarice and Roy Bernard, appeal from the judgment of the circuit court of Cook County which granted summary judgment in favor of the defendant Sears, Roebuck & Company, pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005). Defendants Milwaukee Golf Development Corporation and Golf Mill Management Company are not parties to this appeal. We affirm.

On December 29, 1983, Clarice Bernard (Mrs. Bernard) went to the Golf Mill Shopping Center in Niles, Illinois. She noticed that there was "a lot of snow in the parking lot." When she entered the Sears Roebuck Store and went into the vestibule, she observed that the floor was "all water." She went through the interior doors into the store and stepped onto a rug which extended approximately 20 feet into the store. She walked the length of the rug, which she stated was so saturated with water that "you could hear it squish when you stepped on it." When she reached the end of the rug, she took a step or two onto the bare floor, her foot slipped and she allegedly fell, sustaining the injuries which are the basis of this complaint.

Mrs. Bernard filed a negligence action against Sears, Roebuck & Company, Milwaukee Golf Development Corporation, and Golf Mill Management Company on December 20, 1985. Her husband, Roy Bernard, joined in the action, seeking damages for loss of consortium.

In her deposition, Mrs. Bernard stated that she imagined that the water on which she slipped was "tracked in" from outside. Mr. Bernard also testified that he presumed that the water on which his wife slipped was "tracked in."

Following the depositions, Sears moved for summary judgment on the basis that under well-settled law, it was not liable for injuries caused by accumulations of snow, ice or water tracked into a store from natural accumulations outside of the store. Plaintiffs responded to Sears' motion by filing affidavits asserting that Mr. and Mrs. Bernard had no direct knowledge of the source of the water on which Mrs. Bernard slipped. The trial court granted Sears' motion and plaintiffs appealed. The sole question on review is whether the entry of summary judgment against plaintiffs was proper.

Summary judgment is proper if the pleadings, exhibits, affidavits and depositions on file disclose no genuine issue of material fact such that the movant is entitled to judgment as a matter of law. (*Kroll v. Sugar Supply Corp.* (1983), 116 Ill. App. 3d 969, 975, 452 N.E.2d 649, *appeal denied* (1983), 96 Ill. 2d 560.) Upon review of the

trial court's entry of summary judgment, the appellate court must determine whether the trial court was correct in ruling that no genuine issue of material fact was raised and whether entry of judgment was correct as a matter of law. (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 938, 453 N.E.2d 1153.) Summary judgment should be granted "only where the evidence, when construed most strongly against the moving party, establishes clearly and without doubt his right thereto." *Motz v. Central National Bank* (1983), 119 Ill. App. 3d 601, 605, 456 N.E.2d 958.

■■ ■ Under Illinois law, a landowner has no liability for injuries resulting from natural accumulations of ice, snow or water tracked onto its premises. (*Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 173, 488 N.E.2d 679; *Thompson v. Tormike, Inc.* (1984), 127 Ill. App. 3d 674, 676, 469 N.E.2d 453.) However, a landowner does have a duty and, therefore, may be liable, where injuries occur as a result of an unnatural or artificial accumulation of ice and snow or a natural condition aggravated by the owner. (*Thompson v. Tormike, Inc.* (1984), 127 Ill. App. 3d 674, 676, 469 N.E.2d 453; *Williams v. Alfred N. Koplin & Co.* (1983), 114 Ill. App. 3d 482, 486, 448 N.E.2d 1042.) In order to withstand a motion for summary judgment, a plaintiff must allege sufficient facts to permit the trier of fact to find that the defendant was responsible for an unnatural accumulation of water, ice or snow which caused the plaintiff's injuries. *Galivan v. Lincolnshire Inn* (1986), 147 Ill. App. 3d 228, 229, 497 N.E.2d 1331; *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 145, 407 N.E.2d 1031.

Here, the undisputed facts are that the parking lot outside the store was full of snow, the floor of the vestibule was wet and the rug inside the interior door to the store was wet. Mrs. Bernard testified that after taking a few steps off the rug, she fell and was injured. Both plaintiffs stated in depositions that they assumed the water was tracked in from the outside.

On appeal, plaintiffs' position is that their deposition testimony regarding the source of the water consisted of statements of opinion and therefore cannot be the basis for defeating their recovery. Plaintiffs point out that they filed affidavits stating that they had no direct knowledge of the source of the water on the floor.

■ In our view, plaintiffs' affidavits fail to create an issue of fact. The affidavits contain no explanation for the source of the water other than that it was a natural accumulation of tracked-in water and thus not actionable under *Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 488 N.E.2d 679. The plaintiffs have not offered any

facts which would allow a jury to find that the water inside the store was an unnatural accumulation or that the accumulation was caused to develop in an unnatural way as a result of Sears' actions. See, e.g., *Galivan v. Lincolnshire Inn* (1986), 147 Ill. App. 3d 228, 229-30, 497 N.E.2d 1331.

This case is factually almost undistinguishable from *Lohan*. The plaintiff in *Lohan* had entered the vestibule of defendants' store during a "downpour." She noticed that the rubber mats on both sides of the door were wet, as was the concrete leading up to the mat. As she stepped off the inside mat onto the wet floor, she slipped and fell. The court on appeal held that the defendants had no duty to remove the water tracked into their store and affirmed summary judgment in their favor. (*Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 175, 488 N.E.2d 679.) We see no essential distinction between the natural conditions that caused the injury in *Lohan* and the conditions present here.

Plaintiffs have cited *Fitzsimons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, 173 N.E.2d 534, to support their argument that Sears is liable for Mrs. Bernard's injury because it voluntarily undertook to remove or prevent the accumulation of water on the day in question by use of the rug. *Fitzsimons* is inapplicable here. The defendant in *Fitzsimons* had taken affirmative steps to remove an accumulation of snow in its parking lot. The resulting piles of snow alternately thawed and froze, causing rough ridges of ice in the parking lot on which the plaintiff fell. The court in *Fitzsimons* found the defendant liable because it had caused a hazardous artificial condition that would not have existed otherwise. *Fitzsimons*, 29 Ill. App. 2d at 318-19.

Although plaintiffs contend that there is a question of fact as to whether Sears created a similarly hazardous condition by placing the rug in the store entrance to absorb water, they presented no affidavits or expert testimony regarding the condition or effect of the rug. While plaintiffs were not required to prove their case at the hearing on summary judgment, they had an obligation to present some facts to show either that the origin of the water was unnatural or that the accumulation was caused by some action by Sears. (See *Gilberg v. Toys "R" Us, Inc.* (1984), 126 Ill. App. 3d 554, 558, 467 N.E.2d 947, *appeal denied* (1984), 101 Ill. 2d 582; *Amalgamated Trust & Savings Bank v. Silha* (1984), 121 Ill. App. 3d 1033, 1040, 460 N.E.2d 372.) The trial court was entitled to draw reasonable inferences from the undisputed facts, and in the absence of any evidence of an alternative source of water or evidence that Sears was responsible for an

unnatural accumulation of water, we believe the trial court properly granted summary judgment.

Judgment affirmed.

BUCKLEY and QUINLAN, JJ., concur.