ELSIE HARKINS, Plaintiff-Appellant, v. SYSTEM PARKING, INC., d/b/a Systems Auto Park, Inc., Defendant-Appellee.

First District (6th Division)   No. 1—88—3141

Opinion filed July 28, 1989.

John Thomas Moran, of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Paul B. O'Flaherty, Jr., and Mary K. McMahon Dudley, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Elsie Harkins, appeals from an order entering summary judgment in favor of defendant, Systems Parking, Inc., d/b/a Systems Auto Park, Inc., in this negligence case.

The complaint alleges that on February 3, 1982, while walking across defendant's parking lot, plaintiff fell on snow and ice and broke her hip. Plaintiff alleges that defendant negligently and knowingly left the premises in a defective and dangerous condition.

Defendant filed a motion for summary judgment on the ground that plaintiff was a trespasser who fell on a natural accumulation of snow and ice and thus it owed no duty to her.

Thereafter, plaintiff filed an amended complaint. She set forth defendant's willful and wanton acts of misconduct and failure to warn plaintiff that the premises were in an unsafe condition concealed by snow and ice which was an unnatural accumulation.

Defendant filed another motion for summary judgment on the ground that plaintiff was a trespasser, or at best a licensee, and that defendant's alleged wrongful conduct could not be characterized as willful and wanton.

On October 5, 1987, the court entered summary judgment for defendant, but granted plaintiff's request for leave to file a second amended complaint and affidavit. Plaintiff's affidavit states that she worked at the Bismark Hotel in Chicago and that every day, along with

many other people, she walked across defendant's parking lot to reach the hotel. Two days prior to her fall, there was an unnatural accumulation of ice and she saw defendant's employee spreading salt across the parking lot. On February 3, 1982, it was snowing slightly. On the previous day, "cars which had been parked on the parking lot by the parking attendant caused tire ruts [to be formed] in the ice which was melted by the salt and covered by the snow that had accumulated on the ground." Plaintiff "fell on one of the tire ruts which was caused by the salt which had previously melted the ice which had re-formed into a rut and [was] covered by snow."

The second amended complaint alleged negligence in spreading salt, "said salt causing a natural accumulation of ice to become unnatural," and failure to remove the melted ice. Plaintiff alleged she was a "permissive user" on the premises. No allegations regarding willful and wanton misconduct were included, or incorporated from previous complaints.

On September 22, 1988, the court granted defendant's renewed motion for summary judgment. At the hearing, the court stated that under the undisputed facts, there was no evidence of aggravation of a natural condition other than the spreading of salt, which was not a basis for liability. Plaintiff had failed to come forward with evidence to show the ice and snow were unnatural. The court added that, although not pled, one might argue that defendant had a duty to warn of ruts, but that there could be no liability on such a theory because defendant owed no corresponding duty to protect plaintiff from the underlying condition. Plaintiff appeals.

■■ Summary judgment is proper where the pleadings, depositions, affidavits and other documents show there is no genuine issue of material fact remaining and the movant is entitled to judgment as a matter of law. *Gilberg v. Toys "R" Us, Inc.* (1984), 126 Ill. App. 3d 554, 467 N.E.2d 947; *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031.

■■ Plaintiff maintains that she was a licensee on defendant's property, and defendant counters that she was a trespasser. To a trespasser or a licensee, a property owner owes only the duty not to willfully and wantonly injure that person. (*Mentesana v. LaFranco* (1979), 73 Ill. App. 3d 204, 391 N.E.2d 416.) We note that the Premises Liability Act (Ill. Rev. Stat. 1985, ch. 80, par. 301 *et seq.*) is not applicable here. (See *Lorek v. Hollenkamp* (1986), 144 Ill. App. 3d 1100, 495 N.E.2d 679.) Plaintiff in her second amended complaint fails to allege any willful and wanton misconduct, and only alleges mere negligence. (See *Mentesana v. LaFranco* (1979), 73 Ill. App. 3d 204, 391 N.E.2d 416.) We will not

consider allegations contained in the prior, abandoned complaint. (See *Cipolla v. Bloom Township High School District No. 206* (1979), 69 Ill. App. 3d 434, 388 N.E.2d 31.) Absent these allegations, plaintiff cannot recover.

Even if willful and wanton misconduct were sufficiently pleaded, plaintiff has failed to allege sufficient facts to recover. Plaintiff contends defendant's negligence is a disputed, material issue of fact because after defendant salted the parking lot, ice melted and ruts were made by vehicles, the ruts froze, and new snow concealed the ruts and ice.

A property owner has no duty, and is not liable for injuries caused by, a natural accumulation of snow and ice. (*Galivan v. Lincolnshire Inn* (1986), 147 Ill. App. 3d 228, 497 N.E.2d 1331; *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031.) However, a property owner does owe a duty and may be liable where the injuries are caused by an unnatural accumulation of ice and snow or the owner aggravates a natural condition. (*Galivan v. Lincolnshire Inn* (1986), 147 Ill. App. 3d 228, 497 N.E.2d 1331.) To withstand a motion for summary judgment, plaintiff must allege facts sufficient to permit a trier of fact to find there was an unnatural accumulation of ice and snow for which defendant was responsible. *Galivan v. Lincolnshire Inn*, 147 Ill. App. 3d 228, 497 N.E.2d 1331; *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031; *Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 340 N.E.2d 184.

Plaintiff points to the ruts made by vehicles. Ruts and uneven surfaces created by traffic in snow and ice are not considered unnatural and cannot form the basis for liability. (*Galivan v. Lincolnshire Inn* (1986), 147 Ill. App. 3d 228, 497 N.E.2d 1331 (court found no facts allowing a jury to find anything other than a natural accumulation where defendant's parking lot was covered with icy ruts and ridges formed by tires of automobiles, and the lot had not been plowed, scraped or salted). See also *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031 (accumulation was natural where pedestrians create ruts in ice and snow on urban sidewalk).) The mere fact that traffic and varying temperatures have molded the snow into an uneven surface of ruts does not transform the snow into an unnatural accumulation. (*Galivan v. Lincolnshire Inn* (1986), 147 Ill. App. 3d 228, 497 N.E.2d 1331.) Absent an unnatural formation, defendant owed plaintiff no duty to remove the snow or warn her. See *Galivan v. Lincolnshire Inn* (1986), 147 Ill. App. 3d 228, 497 N.E.2d 1331.

Plaintiff argues it was an unnatural accumulation because

defendant salted the area and did not remove the melted ice prior to vehicles driving on the lot. The mere sprinkling of salt, causing ice to melt, although it may later refreeze, does not aggravate a natural condition so as to form a basis for liability on the part of the property owner. (*Stiles v. Panorama Lanes, Inc.* (1982), 107 Ill. App. 3d 896, 438 N.E.2d 241 (summary judgment for defendant upheld by majority where defendant's parking lot had rough and uneven ruts of ice caused by vehicles in a place intended for use by such vehicles, and thus ruts resulting from such use are not result of unnatural accumulation of snow and ice created by defendant); *Lewis v. W.F. Smith & Co.* (1979), 71 Ill. App. 3d 1032, 390 N.E.2d 39 (no liability where defendant's employee sprinkled salt on steps while it was sleeting and snowing and later he was unable to remove ice by chipping). See also *Riccitelli v. Sternfeld* (1953), 1 Ill. 2d 133, 115 N.E.2d 288 (defendant shoveled, alternate thawing and freezing caused snow to melt, run onto sidewalk and freeze, defendant applied rock salt but was not liable); *Timmons v. Turski* (1981), 103 Ill. App. 3d 36, 430 N.E.2d 1135 (no liability where defendant shoveled and applied salt to sidewalk out to parking lot); *DeMario v. Sears Roebuck & Co.* (1972), 6 Ill. App. 3d 46, 284 N.E.2d 330 (defendant shoveled, but slush remained and crystals of thawing compound were present); *Zide v. Jewel Tea Co.* (1963), 39 Ill. App. 2d 217, 188 N.E.2d 383 (defendant plowed parking lot and spread salt near store's entrance; no evidence the application of salt would produce water which would flow to place of accident and freeze).) There is no evidence in the present case of anything improper about the manner in which defendant removed snow or salted the area. See *DeMario v. Sears Roebuck & Co.* (1972), 6 Ill. App. 3d 46, 284 N.E.2d 330.

■ On the record here, the trial court properly found as a matter of law that no duty was owed where willful and wanton misconduct was not alleged or shown, and where the parking lot condition was the product of a natural accumulation of snow and ice. The trial court correctly entered summary judgment for defendant.

Plaintiff's reliance on *Fitzsimons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, 173 N.E.2d 534, is misplaced. Unlike the present case, in *Fitzsimons*, defendant removed snow and piled it in an area where drainage caused melting snow to accumulate and freeze.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and LaPORTA, J., concur.