BETTY JO WILSON *et al.*, Plaintiffs-Appellants, v. GORSKI'S FOOD FAIR *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—3481

Opinion filed March 30, 1990.

John C. Lorenzen, of John J. Henely, Ltd., of Chicago, for appellants.

Brydges, Riseborough, Morris, Franke & Miller, of Chicago (John W. Norris and Darrell S. Dudzik, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from the entry of summary judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) in defendants' favor. We address the following two issues: (1) whether a genuine issue of material fact existed that plaintiff Betty Jo Wilson's injury was the result of either an unnatural accumulation of water or defendants' aggravation of a natural accumulation; and (2) whether a genuine issue of material fact existed that defendants voluntarily assumed a duty of care. We affirm.

In their amended complaint, plaintiffs Betty Jo Wilson and her husband James Wilson sought recovery against defendants for negligence, wilful and wanton conduct, and loss of consortium. A fourth count was subsequently dismissed with prejudice and is not involved in this appeal. Plaintiffs alleged that on December 16, 1982, Mrs. Wilson fell on the wet floor inside defendants' store and sustained personal injuries.

Defendants, Gorski's Food Fair, Joan Nolte,[1] and Joseph Gorski, filed an answer denying the allegations of the negligence and loss of consortium counts of plaintiffs' original complaint. They filed a motion to dismiss the wilful and wanton count which was denied. There is no indication from the record that defendants filed an answer to the wilful and wanton count after their motion to dismiss was denied. Subse-

---

[1]Joan Nolte was not named as a defendant in plaintiffs' original or amended complaints. It appears that Joan Nolte may have been incorrectly sued as Joan Gorski.

quently, defendants filed an amended answer to plaintiffs' amended complaint and stated that their previous answer to the wilful and wanton count would stand. That previous answer, however, is not in the record. Plaintiffs did not raise this as an issue in the trial court or on appeal.

Plaintiffs' interrogatories asked whether defendants had a "maintenance or safety program," and defendant Gorski's Food Fair responded that such a program was in effect on the day Mrs. Wilson was injured. Gorski's Food Fair explained that "[o]n snow or rain days, a mop and bucket is [sic] kept near the front of the store. A bagger periodically mops in the entrance to prevent any water from getting into the store. *** A large 3' x 10' mat is maintained in the entrance of the store to collect any moisture from the outside." In response to another interrogatory, Gorski's Food Fair stated that Craig Lindl was responsible for the maintenance program on the day Mrs. Wilson was injured.

Mrs. Wilson was deposed and testified that on the day in question, it was raining periodically outside and the pavement was wet. When she entered the store, she wiped her feet on a cloth mat, took two steps off the mat and fell. She testified the floor was wet with water. As she was lying on the floor after she fell, she noticed that when someone would step on the mat, water ran out from the mat. When asked whether she fell because of "water squeezing out of the rug as people walked by," she answered, "I walked through the puddle, and down I went, that's right."

Defendants moved for summary judgment, relying on Mrs. Wilson's deposition testimony that she fell in rainwater which was tracked inside defendants' store.

In response to defendants' motion for summary judgment, plaintiffs filed Mrs. Wilson's four-sentence affidavit, which stated the water she fell in came from the mat which was "waterlogged," that she fell in an "unnatural accumulation" of water, and that she fell inside the store not in the vestibule.

Defendants moved to strike the affidavit, arguing it contained conclusions rather than facts which is prohibited under Supreme Court Rule 191(a) (107 Ill. 2d R. 191(a)). However, defendants did not seek a ruling on the motion at the hearing and there was no indication otherwise in the record that the trial judge ruled on the motion to strike.

On October 25, 1988, the trial judge granted defendants' motion for summary judgment, and plaintiffs filed a timely notice of appeal.

OPINION

■ Summary judgment should be granted if the pleadings, affidavits, and depositions reveal there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) The evidence presented must be construed strictly against the movant and liberally in favor of the opponent. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80.) To avoid summary judgment, plaintiff must present some factual basis that would arguably entitle him to judgment in his favor. *Chisolm*, 47 Ill. App. 3d 999, 365 N.E.2d 80.

■ A landowner is not liable for injuries resulting from the natural accumulation of ice, snow, or water that are tracked inside his premises. (*Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 488 N.E.2d 679.) There may be liability if the injuries resulted from an unnatural accumulation of ice, snow, or water or from a natural condition which was aggravated by the landowner. *Bernard v. Sears, Roebuck & Co.* (1988), 166 Ill. App. 3d 533, 519 N.E.2d 1160.

■ Initially, plaintiffs contend that under the facts presented, defendants are liable because either the accumulation of water on the mat was unnatural or the mat aggravated a natural accumulation of water. Plaintiffs rely on Mrs. Wilson's deposition testimony that after she fell, she noticed that when someone walked on the mat, water would come out of the mat. Plaintiffs also rely on her affidavit where she stated that the mat was "waterlogged." We note that defendants' failure to obtain a ruling on their motion to strike Mrs. Wilson's affidavit resulted in a waiver of that objection on appeal. *Oak Trust & Savings Bank v. Annerino* (1978), 64 Ill. App. 3d 1030, 381 N.E.2d 1389.

■ We reject plaintiffs' contention that the water on the mat was an unnatural accumulation or that the mat aggravated the water's natural accumulation. Plaintiffs do not cite case law that supports liability under similar circumstances. However, this case falls directly in line with *Bernard* (166 Ill. App. 3d 533, 519 N.E.2d 1160), and *Lohan* (140 Ill. App. 3d 171, 488 N.E.2d 679), where summary judgments granted in favor of defendants were upheld on appeal under facts similar to the case at bar.

In *Bernard*, plaintiffs, a husband and wife, sought recovery for injuries the wife sustained inside defendant's store. Before entering the store, the wife noticed "a lot of snow" outside. (*Bernard*, 166 Ill. App. 3d at 534, 519 N.E.2d at 1161.) Inside the store she walked the length of a rug which was saturated with water and "squish[ed]" when stepped on. (*Bernard*, 166 Ill. App. 3d at 534, 519 N.E.2d at

1161.) She walked one or two steps off the rug and fell. She testified at her deposition that she "imagined" the water was tracked in from outside. (*Bernard,* 166 Ill. App. 3d at 534, 519 N.E.2d at 1161.) In an affidavit, she stated that she had no direct knowledge of the source of the water. Summary judgment was granted in defendant's favor and was affirmed on appeal. The court noted that there was no evidence presented that the water was an unnatural accumulation or developed unnaturally as a result of defendant's actions. Plaintiffs also argued that defendant's use of the rug created a dangerous condition. The court rejected that argument because no evidence was presented regarding the condition or effect of the rug.

Plaintiffs attempt to distinguish *Bernard* by claiming that in this case, some evidence was presented as to the condition of the mat. Plaintiffs point to Mrs. Wilson's deposition testimony that the mat was so saturated with water, that water came out when the mat was stepped on. Also, in an affidavit Mrs. Wilson stated that the mat was "waterlogged." Similarly in *Bernard,* some evidence was presented that the rug was so saturated with water it "squish[ed]" when stepped on. There is no significant factual distinction between the two cases that would justify departing from the holding in *Bernard.*

In *Lohan,* plaintiff fell inside a common entrance of defendants' stores on a rainy day. Rubber mats were placed inside the entranceway, but they were wet as was the floor. Plaintiff stepped off the mat and fell. This court affirmed entry of summary judgment in defendants' favor because, as a matter of law, defendants could not be liable for a natural accumulation of tracked-in water that caused plaintiff's injury.

The facts in the present case are virtually identical to *Bernard* and *Lohan.* Here, plaintiff fell in rainwater that was tracked inside defendants' store. *Lohan* established that such tracked-in water is a natural accumulation for which a landowner is not liable. In this case, plaintiffs argue that the water on the mat is transformed into an unnatural accumulation; however, there is no legal basis for such a finding. The rainwater on the mat was still a natural accumulation of water because the evidence showed it was tracked in from outside. Plaintiffs also argue that the mat aggravated a natural accumulation of water in the store because the mat was saturated with tracked-in water. There is no evidence to support plaintiffs' claim that the mat aggravated the tracked-in water.

Plaintiffs also argue that defendants voluntarily assumed a duty to remove the water as evidenced by defendant Gorski's Food Fair's answers to interrogatories. If a landowner voluntarily assumed

a duty to remove a natural accumulation of snow, ice, or water, he is held to a standard of ordinary care. (*Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031.) In this case, defendant Gorski's Food Fair admitted that on the day of Mrs. Wilson's injury, it had a maintenance program in effect under which on rainy days the floor would be mopped periodically and mats would be placed in the entrance of the store. Plaintiffs argue evidence was presented that defendants did not mop adequately and did not maintain the mat.

■ Plaintiffs, however, did not allege this in their amended complaint or raise this as an argument in their response to defendants' motion for summary judgment. At oral argument on the motion, plaintiffs' attorney merely stated that defendants "assumed a duty when he or she placed this runner on the floor to do so non-negligently." From the record, plaintiffs never directed the trial court's attention to defendant Gorski's Food Fair's answer to interrogatories. At oral argument in this court, plaintiffs conceded that the issue was not presented below. Contentions not raised in the trial court are waived on appeal (*Witek v. Leisure Technology Midwest, Inc.* (1976), 39 Ill. App. 3d 637, 350 N.E.2d 242), and therefore, plaintiffs have waived this argument.

■ Despite plaintiffs' waiver of this argument, we note that there was no evidence presented that defendants voluntarily assumed a duty to remove tracked-in water. Plaintiffs' argument is dependent on finding that defendants' "maintenance or safety program" was a voluntary undertaking and was performed negligently. Defendants admitted that on rainy days, they mopped periodically and put mats in the entranceway. Plaintiffs do not dispute the statement in *Lohan* that "where the accumulation is a natural one there is no duty to continue a voluntary undertaking to remove it." (*Lohan*, 140 Ill. App. 3d at 175, 488 N.E.2d at 682.) Despite defendants' past performance of mopping and putting mats down, they had no duty to continue such action. There is no evidence that defendants mopped the floor on the day of Mrs. Wilson's injury; however, they placed mats near the entranceway. The mat became saturated with tracked-in water; however, defendants were not under a duty to continuously remove the water. There is no other evidence to support plaintiffs' claim that defendants' use of the mat was negligent. Further, we note that Mrs. Wilson did not fall on the mat, but she fell after she took two steps off the mat.

Lastly, we reject plaintiffs' argument that this court should depart from the long-standing rule that a landowner has no liability for in-

618

juries resulting from a natural accumulation of snow, ice, or water on his property.

For these reasons, the trial court's entry of summary judgment in defendants' favor was proper.

Affirmed.

MURRAY and GORDON,* JJ., concur.

---

*Justice R. Eugene Pincham participated in this case prior to his resignation. Since that time, Justice Joseph Gordon was designated the third member of the panel and has read the record and briefs and has listened to the tape of oral argument.