21 July 1999

NO. 5-98-0142

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

KEVIN E. KELLERMANN and ) Appeal from the

KATHLEEN A. KELLERMANN, ) Circuit Court of

) Clinton County.

Plaintiffs-Appellants. )

)

) No. 97-L-10   

)

CAR CITY CHEVROLET-NISSAN, INC. ) The Honorable

) John W. McGuire,

Defendant-Appellee. ) Judge, presiding.

________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs, Kevin E. Kellermann and Kathleen A. Kellermann, appeal the circuit court of Clinton County's dismissal of counts IV and V of their second amended complaint filed against defendant, Car City Chevrolet-Nissan, Inc. (Car City).  Counts IV and V of the complaint allege that due to defendant's negligence, plaintiffs sustained injuries when Kevin slipped and fell on snow which had accumulated on defendant's sales lot.  The circuit court applied the natural-accumulation rule, finding that defendant was not liable for injuries incurred by plaintiffs when Kevin slipped and fell on snow which had naturally accumulated on defendant's lot.  Plaintiffs now appeal the dismissal of counts IV and V of their amended complaint, arguing that the natural-accumulation rule should not apply.  For the following reasons, we affirm the decision of the circuit court.

On January 18, 1997, Kevin Kellermann and his wife, Kathleen, were walking on the auto sales lot of Car City in Centralia, Illinois.  The lot is outdoors and contains numerous automobiles and trucks that are placed on display to allow an inspection by potential customers.  According to the complaint, snow accumulated on the lot, making the lot "slick, icy[,] and hazardous."  Plaintiffs do not allege that the accumulation of snow was unnatural or that a dangerous condition was created by defendant.  The complaint does not describe the size of the auto sales lot, the size of the display area on the auto sales lot, or whether Kevin was distracted by anything on the lot.

In their complaint, plaintiffs allege that defendant was negligent for (1) failing to maintain a safe car-sales lot, (2) failing to remove the accumulation of snow and ice, (3) failing to place salt or cinders on the snow and ice, (4) failing to barricade the area containing the slick snow and ice, (5) failing to prevent customers' access to the area containing the snow and ice, (6) failing to warn the customers of the snow and ice, and (7) displaying the vehicles on the snow and ice when defendant knew that potential customers would go upon the area to examine the vehicles.

On January 17, 1998, the circuit court conducted a hearing concerning plaintiffs' second amended complaint.  Although plaintiffs apparently requested that the circuit court create an exception to the natural-accumulation rule, the circuit court stated, "Perhaps such an exception should and may some day be created by the higher courts[;] however[,] at this time it appears clear to this court that under the general rule stated in 
Timmons v. Turske
, 103 Ill. App. 3d 36 (1981), a property owner is not liable for injuries resulting from an icy condition which is a natural one."  Accordingly, the circuit court dismissed plaintiffs' second amended complaint with prejudice.  We shall now review this decision by the circuit court and address plaintiffs' arguments on appeal.

We review 
de novo 
the circuit court's dismissal of plaintiffs' complaint for the failure to state a cause of action.  See 
Kotarba v. Jamrozik
, 283 Ill. App. 3d 595, 596 (1996).  Under a 
de novo
 standard of review, we need not give deference to the circuit court's decision.  See 
Von Meeteren v. Sell-Sold, Ltd.
, 274 Ill. App. 3d 993, 996 (1995).

In the instant case, plaintiffs allege that defendant was negligent in maintaining its sales lot.  In a negligence action, one of the essential elements is the existence of a duty to exercise reasonable care.  See 
Unger v. Eichleay Corp.
, 244 Ill. App. 3d 445, 449 (1993).  The question of whether a duty is owed is a question of law.  See 
Roberson v. J.C. Penney Co.
, 251 Ill. App. 3d 523, 526 (1993).  If defendant does not owe a duty to plaintiffs to exercise reasonable care, then no cause of action for negligence will exist.  See 
Sparacino v. Andover Controls Corp.
, 227 Ill. App. 3d 980, 986 (1992).

 It is the general rule in Illinois that a landowner or a possessor of land has a duty to an invitee or a licensee to exercise ordinary or reasonable care in maintaining his premises in a reasonably safe condition.  See 
Thompson v. Economy Super Marts, Inc.
, 221 Ill. App. 3d 263, 265 (1991).  Accordingly, where a business invitee is injured by slipping and falling on defendant's premises, liability may be imposed if the substance was placed there by the negligence of the proprietor or his servants or, if the substance was on the premises through acts of third persons or there is no showing how it got there, liability may be imposed if  the proprietor or his servant knew of its presence or if the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered.  See 
Thompson
, 221 Ill. App. 3d at 265.

There is also a rule in Illinois known as the natural-accumulation rule.  The natural-

accumulation rule provides that a landowner does not have a duty to a business invitee to remove natural accumulations of snow and ice.  See 
Watson v. J.C. Penny Co. Inc.
, 237 Ill. App. 3d 976, 978 (1992).  Even if the snow and ice remain on the property for an "unreasonable" length of time, it has been held that no liability will be imposed on the proprietor as long as the snow and ice is a natural accumulation.  See 
Foster v. George J. Cyrus & Co.
, 2 Ill. App. 3d 274, 279 (1971) (where this court rejected a rule that would require property owners to remove natural accumulations of snow and ice after a reasonable length of time or be liable for injuries suffered by their tenants).  However, if the snow or ice was produced or accumulated by artificial causes or if the snow or ice was produced or accumulated in an unnatural way because of defendant's own use of the area concerned, liability will be imposed.  See 
McCann v. Bethesda Hospital
, 80 Ill. App. 3d 544, 548 (1979).

The natural-accumulation rule was first recognized in Illinois by our supreme court in 
Graham v. City of Chicago
, 346 Ill. 638 (1931).  In 
Graham
, plaintiff sued the City of Chicago when she slipped and fell on a patch of ice that had formed on a city sidewalk.  The Illinois Supreme Court adopted the natural-accumulation rule, holding that it would be "unreasonable to compel a city to expend the money and perform the labor necessary to keep its walks reasonably free from ice and snow during winter months."  
Graham
, 346 Ill. at 643.

This rule was later extended beyond cities and municipalities to allow landlords to escape liability for injuries incurred by tenants who slipped and fell on naturally accumulated snow and ice while on the landlord's premises.  In 
Cronin v. Brownlie
, 348 Ill. App. 448 (1952), a tenant slipped and fell on a walk that was covered with naturally accumulated snow and ice.  This court applied the natural-accumulation rule and stated:  

"In our northern climate where ice and snow come frequently and are accepted by all, it appears to us that the [natural-accumulation] rule adopted by the majority of the states finding no liability against the landlord is more reasonable and persuasive ***.  *** [I]t appears to us to be unreasonable and somewhat impractical to require a landlord to remove ice and snow from sidewalks used jointly by his tenants where the ice and snow arise from natural causes."  
Cronin
, 348 Ill. App. at 456.

Since 
Cronin
, Illinois courts have consistently applied the natural-accumulation rule to all types of businesses.  
Riccitelli v. Sternfeld
, 1 Ill. 2d 133 (1953) (natural-accumulation rule applied to path through snow on sidewalk adjoining filling station); 
Galivan v. Lincolnshire Inn
, 147 Ill. App. 3d 228 (1986) (natural-accumulation rule applied to parking lot at an Inn); 
Thompson v. Tormike, Inc.
, 127 Ill. App. 3d 674 (1984) (natural-accumulation rule applied to parking lot of restaurant); 
Smalling v. LaSalle National Bank of Chicago
, 104 Ill. App. 3d 894 (1982) (natural-accumulation rule applied to parking lot at shopping center); 
Lohan v. Walgreens Co.
, 140 Ill. App. 3d 171 (1986) (natural-accumulation rule applied to snow and ice that naturally accumulated outside store but had been tracked inside).  In addition, Illinois courts have applied the natural-accumulation rule to all areas on a defendant's property (
i.e.
, on a sidewalk, on a parking lot, inside a store, or on the step of an entranceway (see 
Gehrman v. Zajac
, 34 Ill. App. 3d 164 (1975) ( tenant))).  Plaintiffs fail to cite a single case that has created an exception to the natural-accumulation rule on the basis of where the fall occurred or on the basis of what kind of business was being conducted on the property.  

In the instant case, plaintiffs request that we not apply the natural-accumulation rule because Kevin slipped and fell on a display area on defendant's property.  Plaintiffs contend that because defendant encourages plaintiffs to go to the display area, defendant should maintain that area as "a safe place for customers to come upon and inspect the automobiles displayed for sale."  Furthermore, plaintiffs contend that because defendant directly benefits from having the display area, it should shoulder the burden of keeping that area safe or close the area in the presence of snow and ice.

In determining whether a duty exists, the court must consider the following factors:  (1) the reasonable foreseeability of the injury, (2) the likelihood of injury, (3) the magnitude of the burden of guarding against it, and (4) the consequences of placing that burden upon the defendant.  See 
Maschhoff v. National Super Markets, Inc.
, 230 Ill. App. 3d 169, 172 (1992). The reason our courts have consistently found that a landowner does not have a duty to keep premises safeguarded against the potential dangers of naturally accumulated snow and ice is because it would be unreasonable in our climate to force a defendant to expend the money and labor necessary to constantly keep the areas safe.  See 
Graham v. City of Chicago
, 346 Ill. 638 (1931); 
Cronin v. Brownlie
, 348 Ill. App. 448 (1952).   A similar rationale is explained in American Jurisprudence Second
:

"[I]n a climate where there are frequent snowstorms and sudden changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention, and usually, correction; consequently, the danger from ice and snow in such locations is an obvious one, and the occupier of the premises may expect that an invitee on his premises will discover and realize the danger and protect himself against it."  62A Am. Jur. 2d 
Premises Liability
 §699 (1990).

Based on the reasons noted above, Illinois courts have consistently determined that no duty exists for a defendant to remove, monitor, or exercise reasonable care in making reasonably safe an area which contains naturally accumulated snow and ice.

In the instant case, we shall not depart from Illinois's well-established natural-

accumulation rule.  We believe that defendant owes no duty to plaintiffs to exercise reasonable care toward protecting its outdoor display area from the hazards associated with the natural accumulation of snow and ice.  As we have repeatedly noted, in our northern climate, snow and ice can occur frequently and unpredictably.  Furthermore, snow and ice is a hazard in this part of the country, and that hazard is known to all.  As our courts have consistently found it an unreasonable burden for a business to keep small areas such as parking lots, sidewalks, and entryways safe from naturally accumulated snow and ice, we believe that it would be even more burdensome to require an automobile dealership to monitor its entire display area.  Is not almost every automobile that is for sale on defendant's lot on display?  Although plaintiffs fail to describe the dimensions of the display area, common sense tells us that such an automotive display area is normally much larger than an average parking lot, sidewalk, or entryway.  Our acceptance of plaintiffs' request would effectively require all outdoor businesses to constantly monitor its entire business activity area or close its entire business activity area at the first sign of snow or ice.  We believe that to place such expense and burden on a property owner is unreasonable.

Therefore, we believe that the natural-accumulation rule is applicable to the instant case.  A result different would essentially overrule the natural-accumulation rule.  As this court has previously stated, we are not the proper forum in which the natural-accumulation rule should be overruled.  See 
Watson v. J.C. Penny Co.
, 237 Ill. App. 3d 976, 978-79 (1992) (this court stated that the plaintiff's request to overrule the natural-accumulation rule should be addressed "to the legislature, which formulates the public policy of this State and which could change this `antiquated rule' if it wished.").  Accordingly, the circuit court correctly applied the natural-accumulation rule and properly dismissed plaintiffs' complaint.

On another matter, on September 30, 1998, we entered an order indicating that we would take with this appeal a motion filed by defendant to strike portions of plaintiffs' reply brief.  For the reasons explained in plaintiffs' response to the motion to strike, we deny said motion.

For the foregoing reasons, the dismissal by the circuit court of counts IV and V is hereby affirmed.

Affirmed.  

RARICK, P.J., concurs.

JUSTICE GOLDENHERSH, dissenting:  

I respectfully dissent.  The circuit court ruled, and Car City urges us to agree, that the natural-accumulation rule would apply to the instant case and that adhering to plaintiff's position would result in an abrogation of this longstanding rule.  Plaintiffs, on the other hand, contend that they are not attempting to abrogate the natural-accumulation rule but, rather, that under these particular circumstances the general rule of premises liability concerning the duty of a possessor of land toward its business invitees should be the rule of law applied by the courts.  I agree with plaintiffs' position.

The courts have specifically imposed a duty on the possessor of land in situations where a hazard was open and obvious but the harm to an invitee may reasonably be anticipated, such as when an invitee's attention is distracted by goods on display or for some other reason the invitee is not focused on the hazard.  See 
Ward v. K-Mart Corp.
, 136 Ill. 2d 132 (1990).  In 
Ward
, our supreme court determined such duties as follows:

"A rule more consistent with an owner's or occupier's general duty of reasonable care, however, recognizes that the `obviousness' of a condition or the fact that the injured party may have been in some sense `aware' of it may not always serve as adequate warning of the condition and of the consequences of encountering it.  It is stated in Prosser & Keeton on Torts:

`[I]n any case where the occupier as a reasonable person should anticipate an unreasonable risk or harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required.  This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display, or that after a lapse of time he may forget the existence of the condition, even though he has discovered it or been warned; or where the condition is one which would not reasonably be expected, and for some reason, such as an arm full of bundles, it may be anticipated that the visitor will not be looking for it.'  W. Keeton, Prosser & Keeton on Torts, §61, at 427 (5th ed. 1984).

See also 5 F. Harper, F. James & O. Gray, The Law of Torts, §27.13, at 244-47 (2d ed. 1986); J. Page, The Law of Premises Liability, §4.6, at 80-85 (2d ed. 1988).

This is the position taken by the Restatement (Second) of Torts, section 343A (1965).  That section provides in pertinent part:

`(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, 
unless the possessor should anticipate the harm despite such knowledge or obviousness
.'  (Emphasis added.)

Comment 
e
 of section 343A(1) states the general rule that the owner or occupier may reasonably assume that invitees will exercise reasonable care for their own safety, and that ordinarily he need not take precautions against dangers which are known to the visitor or so obvious that the visitor may be expected to discover them.  Comment 
f
, however, explains that reason to expect harm to visitors from known or obvious dangers may arise `where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. *** In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk.  It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.'  Restatement (Second) of Torts, §343A, comment 
f
, at 220 (1965).

The manifest trend of the courts in this country is away from the traditional rule absolving, 
ipso facto
, owners and occupiers of land from liability for injuries resulting from known or obvious conditions, and toward the standard expressed in section 343A(1) of the Restatement (Second) of Torts (1965)."  
Ward
, 136 Ill. 2d at 148-50.  

This court applied 
Ward
 and section 343A in 
Maschhoff v. National Supermarkets, Inc.
, 230 Ill. App. 3d 169 (1992) (delivery man slipped and fell on liquid buildup in store).  After citing 
Ward
 and quoting extensively from comment 
f
 of 343A, this court concluded that the injury was reasonably foreseeable, that plaintiff could have been distracted from the obvious conditions, and that, therefore, the questions of the defendant's breach of duty and the plaintiff's comparative negligence were properly submitted to the jury.  

As directed by our supreme court in 
Ward
, we must consider whether in the instant case the imposition of a duty meets with the following factors:

"We recognize that the Restatement speaks to the more general question of liability, and not specifically to the existence of a duty.  But we think the principles expressed there are consistent with the general duty of reasonable care owed to invitees and licensees, and they are relevant to the resolution of whether an injury was reasonably foreseeable.  We emphasize, however, that since the existence of a duty turns in large part on public policy considerations, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden upon the defendant, as well as the likelihood of injury and the possible serious nature of such an injury[,] must also be taken into account."  
Ward
, 136 Ill. 2d at 151.

The standards of premises-liability duty, as delineated in 
Ward,
 
 appropriately apply in the instant case.  We have a situation in which the possessor of land is aware of the hazards posed by ice and snow and with such knowledge seeks to bring the invitee into the business-

activity part of its premises with the intent of, and taking actions toward, diverting the invitee's attention and changing the invitee's focus to the goods and services offered by the possessor of land.  Under those circumstances, it is reasonably foreseeable by the possessor of land that an injury such as this might occur, and under these circumstances, it is both reasonable and appropriate that the burden should fall on the possessor of land.  It is not an onerous burden on that possessor to alleviate the hazardous conditions so that the attention and focus of the invitee might safely be focused on the possessor's business activities.  In comparison, the circumstances of the instant case pose a substantial likelihood of injury.  I also note that the activities of diverting the invitee's attention and focus are for the benefit of the possessor of land, and accordingly, it is not unreasonable to place this duty on that party.

Choosing to apply the duties delineated in 
Ward
 and the 
Restatement
, rather than the natural-accumulation rule, does not constitute an abrogation of the natural-accumulation rule. That doctrine is quite alive and well, as noted in the cases cited by the majority.  In those instances involving injuries on business premises, the rule has been readily applied to those areas adjacent to and utilized in the approaching of the area of commercial activity (sidewalks, parking lots), whereas the instant case involves the actual area of business activity.  We may infer from these cases that the possessor of the business property has no reason to, and is not likely to, make any effort to divert the attention of a prospective customer who is approaching his commercial-activity area.  In the instant case, however, the prospective customer who has entered the business-activity area is in the midst of an obvious hazard known to the property owner, and the property owner is actively diverting the customer's attention and focus to his commercial activities.  We should be hard put to conclude that under these circumstances the type of injury as occurred in this case would not be reasonably foreseeable.  Concurrently, we should reasonably conclude that removing the hazard the invitee faces when engaging in the possessor's business activity is a minor burden on that possessor of land, given the hazard's foreseeability and the commercial benefits from successful engagement with the invitee.  The difference between the approaches to business establishment and the commercial-activity area of that business are clear, qualitative, and crucial.  The 
Ward
/Restatement rule appropriately applies.