GENEVA HANDY, Plaintiff-Appellant, v. SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.

First District (5th Division)   No. 1—88—1773

Opinion filed May 5, 1989.

Morton Abt, of Abt, Meyers & Kages, of Chicago, for appellant.

Arnstein & Lehr, of Chicago (Arthur L. Klein, Hal R. Morris, and Nancy J. Montroy, of counsel), for appellee.

JUSTICE COCCIA delivered the opinion of the court:

On September 19, 1985, plaintiff Geneva Handy filed a complaint in the circuit court of Cook County for injuries sustained when she slipped and fell while on the premises of defendant, Sears, Roebuck and Company (Sears). The complaint was dismissed on defendant's motion for summary judgment and plaintiff appeals.

While shopping at a Sears store on January 17, 1985, plaintiff slipped and fell on some water located within the store. Plaintiff's complaint alleged that the incident occurred as a result of defendant's negligence in maintaining the property and in allowing "an unusual accumulation of water and foreign material" to remain on the floor rendering that condition dangerous and hazardous.

Defendant filed a motion for summary judgment alleging that the evidence was uncontroverted in establishing that plaintiff's injuries occurred as a result of a natural accumulation of water which had been tracked into the store by customers. The circuit court granted the motion but gave plaintiff leave to take an additional deposition of one of the eyewitnesses. After the deposition was completed, plaintiff

presented an oral motion to reconsider which the circuit court denied.

■ On appeal plaintiff argues that the circuit court erred in granting summary judgment because there was a genuine issue as to the source of the accumulated water. In her brief plaintiff advances for the first time several theories as to the possible sources of the water which she asserts would contradict defendant's theory of a natural accumulation caused by customers who tracked it into the store. However, this court's review is limited to those facts and theories presented in the circuit court, and plaintiff may not now raise new factual theories for this court to consider. See *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417, 420.

Defendant's motion for summary judgment was supported by two affidavits: one from an eyewitness stating that the water had been tracked inside defendant's store by customers and another from an employee who placed plaintiff's fall at approximately 23 feet from an entrance and 10 feet from the walk-off mat at that entrance. Defendant's motion also included a written statement from a second eyewitness which corroborated the affidavit of the first eyewitness, a climatological report indicating there had been six inches of snow on the ground that day, and the transcripts of depositions taken of plaintiff and her daughter, who had been with her at the time of the incident.

Plaintiff's response to the motion for summary judgment contained no counteraffidavits, but included certain passages from the transcripts described above.

■ It is well established in Illinois that a property owner has no liability for injuries which result from natural accumulations of water, snow or ice. (*Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 173, 488 N.E.2d 679, 680.) However, a property owner does have a duty and therefore may be liable where the injuries are a result of an unnatural or artificial accumulation, or a natural condition aggravated by the owner. (*Bernard v. Sears, Roebuck & Co.* (1988), 166 Ill. App. 3d 533, 535, 519 N.E.2d 1160, 1161-62.) In order to withstand a motion for summary judgment, a plaintiff must allege sufficient facts to permit the trier of fact to find that the defendant was responsible for an unnatural accumulation of water, ice or snow which caused plaintiff's injuries. 166 Ill. App. 3d at 535, 519 N.E.2d at 1162.

■ ■ After reviewing the record, we find that plaintiff did not offer any facts which would have allowed the trier of fact to find that the water inside the store was an unnatural accumulation or a natural condition aggravated by the owner. (See *Lohan v. Walgreens*

*Co.,* 140 Ill. App. 3d 171, 488 N.E.2d 679; *Bernard v. Sears, Roebuck & Co.,* 166 Ill. App. 3d 533, 519 N.E.2d 1160.) Further, in her response to the motion for summary judgment plaintiff offered no explanation for the source of the water, nor did she present evidence refuting the affidavits and statements of eyewitnesses stating that the water was tracked in by customers. (See *Bernard v. Sears, Roebuck & Co.,* 166 Ill. App. 3d at 536, 519 N.E.2d at 1162-63.) The fact that plaintiff stated at her deposition that she had no idea where the water came from and that it looked like a spill did not create a triable issue of material fact. (See *Bernard v. Sears, Roebuck & Co.,* 166 Ill. App. 3d 533, 519 N.E.2d 1160.) Although plaintiff did not have to try her case on a motion for summary judgment, she did have to provide a factual basis which would have arguably entitled her to judgment. (*Amalgamated Trust & Savings Bank v. Silha* (1984), 121 Ill. App. 3d 1033, 1040, 460 N.E.2d 372, 377.) We find that plaintiff failed to do so.

Plaintiff contends that defendant owed plaintiff a duty to remove the liquid on the floor because it created a hazardous condition. However, this court has repeatedly held that a storekeeper has no duty to remove tracks left by customers who have entered the building after walking through natural accumulations of snow, slush or water. *Bernard v. Sears, Roebuck & Co.,* 166 Ill. App. 3d at 536, 519 N.E.2d at 1162; *Lohan v. Walgreens Co.,* 140 Ill. App. 3d at 173, 488 N.E.2d at 681.

Plaintiff states that the record contains evidence that defendant's security guard was aware of the accumulated water at least one-half hour prior to plaintiff's fall because another individual slipped in the same spot. Plaintiff asserts that the security guard's knowledge gave defendant effective notice of the hazardous condition requiring defendant to warn plaintiff of the potential danger. Plaintiff cites *Wolter v. Chicago Melrose Park Associates* (1979), 68 Ill. App. 3d 1011, 386 N.E.2d 495, in support of her argument. However, in *Wolter* this court stated that a defendant had a duty to warn plaintiff of a hazardous condition only if that condition had resulted from an unnatural or artificial accumulation of water or ice. (68 Ill. App. 3d at 1019, 386 N.E.2d at 500-01.) The present record does not uphold plaintiff's contentions.

Finally, plaintiff urges that this court overturn our previous decisions in *Lohan* and *Bernard,* citing a single Georgia case in support of her argument. Finding plaintiff's argument to be without merit, we decline to do so.

This case is almost factually indistinguishable from *Lohan* and

*Bernard,* and in the absence of any evidence of an alternative source of water or evidence that defendant was responsible for an unnatural accumulation of water, we believe the circuit court properly granted summary judgment. Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

MURRAY, P.J., and LORENZ, J., concur.