BARBARA ROBERSON, Plaintiff-Appellant, v. J.C. PENNEY COMPANY, Defendant-Appellee.
Third District   No. 3—93—0007

Opinion filed October 28, 1993.

Nile J. Williamson, of Peoria, for appellant.

Rex K. Lindner and Bradley S. McMillan, both of Heyl, Royster, Voelker & Allen, of Peoria (Karen L. Kendall, of counsel), for appellee.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Barbara J. Roberson (Roberson), appeals from an order of summary judgment dismissing her complaint against the defendant, J.C. Penney Co., Inc. (J.C. Penney). The complaint arose from injuries Roberson received when she slipped and fell inside a

store owned by J.C. Penney. The trial court found (1) there were no material facts in dispute; (2) J.C. Penney owed Roberson no duty of care under Illinois law; and (3) summary judgment was proper as a matter of law. We agree with the trial court's analysis and affirm the order of summary judgment.

Roberson entered the J.C. Penney store in Northwoods Mall in Peoria, Illinois, at about 12:45 p.m. on December 30, 1990. Water had been tracked into the store from outside J.C. Penney's lower level entrance, where snow and water had accumulated. To enter the store, Roberson walked through a set of exterior doors, a set of interior doors, and into the store. Near the interior doors inside the store, J.C. Penney had placed two four-foot by eight-foot non-skid mats on the floor. When Roberson entered the store, she walked upon these mats. As she stepped off the mats and onto the floor, Roberson slipped and fell, causing injuries. She did not notice whether the mats were saturated with water. However, she did notice water around the interior entrance on the floor away from the mats. Roberson believed this water had been tracked into the store by other persons entering from outside. Three days later, when Roberson again went to the store, she noticed that J.C. Penney had placed a third mat in the vicinity of the other two mats.

On June 19, 1991, Roberson filed a complaint in the circuit court of Peoria County, alleging that by placing the mats near its entrance, J.C. Penney had voluntarily assumed a duty to remove the accumulated moisture that patrons tracked into the store. In its answer, J.C. Penney denied that it had any duty to remove the water tracked into the store or to take any precautions regarding the water accumulation.

In her discovery deposition, Roberson stated that she did not see any rips or tears in the mats. However, she could not remember whether the mats were saturated with water. On August 3, 1992, J.C. Penney filed a motion for summary judgment. On October 6, 1992, the court granted J.C. Penney's motion. On October 27, 1992, Roberson filed a motion asking the court to reconsider its October 6 order. The court denied her motion on December 22, 1992. Roberson filed a timely notice of appeal on December 31, 1992.

On appeal, Roberson contends that summary judgment should not have been granted. She argues that, based on the record, J.C. Penney voluntarily assumed a duty. Specifically, Roberson asserts that J.C. Penney undertook to remove the water accumulation in the store by placing the two non-skid mats in the interior of its store near the entrance. She further argues that J.C. Penney breached this duty by

failing to install an adequate number of mats to remove the water hazard on the floor. J.C. Penney argues that it owed no duty to remove moisture tracked into the store from outside by virtue of the natural accumulation rule. J.C. Penney contends that summary judgment was properly granted.

Whether or not a duty of care exists is a question of law to be determined by the court. (*Wojdyla v. City of Park Ridge* (1992), 148 Ill. 2d 417, 421, 592 N.E.2d 1098, 1100.) Where the record presents only a question of law, a trial court may properly grant summary judgment. (*Marshall v. City of Centralia* (1991), 143 Ill. 2d 1, 6, 570 N.E.2d 315, 317.) On appeal, whether a duty of care exists is subject to *de novo* review. (*Wolowinski v. City of Chicago* (1992), 238 Ill. App. 3d 639, 641, 606 N.E.2d 273, 274.) Thus, we must determine whether J.C. Penney assumed a duty of care.

Roberson principally relies on the Restatement (Second) of Torts, section 324A, which provides in pertinent part:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or
***
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking." (Restatement (Second) of Torts §324A(a), (c) (1965).)

Our supreme court has implicitly adopted section 324A. (*Vesey v. Chicago Housing Authority* (1991), 145 Ill. 2d 404, 415-16, 583 N.E.2d 538, 543, citing *Pippin v. Chicago Housing Authority* (1979), 78 Ill. 2d 204, 210-11, 399 N.E.2d 596, 600.) However, the duty of care to be imposed on the defendant is limited to the extent of its undertaking. *Frye v. Medicare-Glaser Corp.* (1992), 153 Ill. 2d 26, 32, 605 N.E.2d 557, 560.

■ Based on our review of the record, we conclude that J.C. Penney's duty extended *only* to maintaining with reasonable care the mats it installed. J.C. Penney had no duty to install as many mats as necessary to absorb tracked-in water. There is no evidence in the record indicating that J.C. Penney placed the mats near its entrance for this purpose. Only two mats were in use at the time of Roberson's accident. These mats covered only a small part of the floor. Moreover, we note the absence of any evidence that J.C. Penney failed to main-

tain the mats with reasonable care. In her deposition, Roberson said she did not notice any rips or tears in the mats. She does not allege that the mats were defective in any way.

For these reasons, we conclude that J.C. Penney did not assume a duty to remove all tracked-in water from its store by placing two mats near its outside entrance. The duty that Roberson alleges is beyond the scope of J.C. Penney's actual undertaking. Applicable case law supports our decision. In *Wilson v. Gorski's Food Fair* (1990), 196 Ill. App. 3d 612, 617, 554 N.E.2d 412, 416, the defendant storeowner did not mop the floor on a rainy day but instead only placed a floor mat which became saturated near the entrance. The court held that the evidence was insufficient to impose a duty upon the defendant to continuously remove the water which accumulated in and near the mat.

■ Finally, Roberson argues that customers relied on the mats to provide safety and thus had an expectation that the mats would prevent falls. (Restatement (Second) of Torts §324A(c) (1965).) Reliance requires the plaintiff to "forgo other remedies or precautions against such a risk." (Restatement (Second) of Torts §324A, Comment *e*, at 144 (1965).) Reliance is reasonable where (1) there is a deceptive appearance that the expected performance has been rendered, or (2) the defendant represents to the plaintiff that performance has been made, or (3) the plaintiff is prevented from obtaining knowledge or substituting performance. However, to justify reliance, the plaintiff must be unaware of the actual circumstances and not equally capable of determining such facts. *Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 1007, 365 N.E.2d 80, 86.

Here, we find none of the elements indicated above which would have justified Roberson's reliance on J.C. Penney's performance. The record contains no evidence J.C. Penney attempted to conceal a dangerous condition from customers, or that J.C. Penney made representations about the condition of its interior floor. Finally, the record reveals nothing indicating that Roberson was not equally capable of determining the condition of the floor upon entering the store. In her deposition, Roberson noted the adequacy of the lighting inside the store. She also stated that it had been raining or snowing on the day of the accident. The facts show that Roberson was aware of the actual circumstances and could have determined the facts surrounding her fall. As a result, we conclude that Roberson was not justified in relying on J.C. Penney's performance.

■ Finally, we find the "natural accumulation rule" exonerates J.C. Penney from any duty to remove the water from its entrance,

notwithstanding the presence of the mats. Generally, a landowner is not liable for injuries resulting from natural accumulations of ice, snow or water. (*Handy v. Sears, Roebuck & Co.* (1989), 182 Ill. App. 3d 969, 971, 538 N.E.2d 846, 848.) A landowner also has no duty to remove water that patrons track into its building by walking through natural accumulations outside the building. (*Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 173-74, 488 N.E.2d 679, 681.) However, a landowner may be liable for injuries caused by an unnatural accumulation of ice, snow or water, or for a condition that aggravates a natural accumulation. (*Bernard v. Sears, Roebuck & Co.* (1988), 166 Ill. App. 3d 533, 535, 519 N.E.2d 1160, 1161-62.) A mat which becomes saturated in a store's entryway due to tracked-in water does not transform the water into an unnatural accumulation, nor does it aggravate the water's natural accumulation. *Wilson v. Gorski's Food Fair* (1990), 196 Ill. App. 3d 612, 615, 554 N.E.2d 412, 415.

Here, Roberson stated in her deposition that the water located in J.C. Penney's store on the day of her fall appeared to have been tracked in by other patrons. However, there was no evidence to show that the mats located near the J.C. Penney entrance were saturated. Though evidence existed that snow and water accumulated outside, nothing showed that the moisture originated from an unnatural accumulation. Therefore, we find that the natural accumulation rule applies here. Consequently, J.C. Penney was under no duty to remove the water from its interior floor near the mats.

Accordingly, for the reasons indicated, we hold that J.C. Penney assumed no voluntary duty to remove any water from its store's entrance. Additionally, we find that the natural accumulation rule bars any common law duty asserted against J.C. Penney to remove the moisture. As a result, the trial court's entry of summary judgment in J.C. Penney's favor was proper.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER and SLATER, JJ., concur.