No. 2--03--0887

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

CHARLES J. McLEAN, SR., and      ) Appeal from the Circuit Court

LINDA McLEAN,      ) of Winnebago County.

      )

Plaintiffs-Appellants,      ) 

      )

v.      ) No. 02--L--422

      )

ROCKFORD COUNTRY CLUB,      ) Honorable

      ) Ronald L. Pirrello,

Defendant-Appellee.        ) Judge, Presiding.

______________________________________________________________________________

JUSTICE HUTCHINSON delivered the opinion of the court:

Plaintiffs, Charles J. McLean, Sr., and Linda McLean, appeal from the trial court's order dismissing their complaint against defendant, Rockford Country Club, pursuant to section 2--615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--615 (West 2002)).  In their complaint as amended, plaintiffs sought to recover damages for injuries sustained when Charles was struck by a falling icicle near the entrance of defendant's premises.  The trial court dismissed the action after finding that recovery was precluded under the natural accumulation rule, which provides that a property owner has no duty to remove snow or ice that accumulates naturally on its premises.  See 
Bloom v. Bistro Restaurant, Ltd. Partnership
, 304 Ill. App. 3d 707, 710 (1999).  On appeal, plaintiffs contend that the natural accumulation rule does not extinguish a property owner's common-law duty to provide a reasonable means of ingress to and egress from its place of business.  We affirm in part, reverse in part, and remand the case for further proceedings.

In their third amended complaint, plaintiffs alleged that, on December 16, 2000, Charles was defendant's business invitee and was walking under the edge of an overhanging roof near the front entrance of defendant's premises.  Plaintiffs alleged that, as Charles was walking in this area, he was struck on the head, neck, and shoulder by an "extremely large and heavy icicle" that broke off of the overhang.  The complaint alleged that Charles sustained numerous injuries as a result of the incident, including head lacerations, nerve impingement of his left shoulder and neck, clawing of his left hand with motor deficit, hand numbness, and several bulging cervical discs in his back.  Count I of the complaint sought damages for Charles's injuries; count II sought damages for loss of consortium by Charles's wife, Linda.

Both counts I and II contained the same allegations of negligence against defendant.  The counts alleged that defendant negligently permitted large and heavy icicles to hang from the edge of the roof 
overhanging the front entrance of the premises where business invitees were required to walk, knowing "for a long time prior to this occurrence" that such icicles created a dangerous and hazardous condition for patrons entering and exiting the building.  Plaintiffs also alleged that defendant was negligent in failing to knock down or otherwise remove the icicles; in failing to warn its business invitees of the presence of the icicles; in failing to prevent the formation of the icicles; and in failing to otherwise exercise ordinary care in their control and maintenance of the building.  These allegations were contained in subparagraphs 7(a), 7(b), 7(c), 7(d), 7(l), 7(m), and 7(n) of counts I and II.  Plaintiffs further alleged that defendant failed to correct several defective building conditions, which caused an unnatural accumulation of water to overflow the building's eaves and gutters, resulting in the formation of numerous large and heavy icicles.  The allegedly defective building conditions included:  an improper roof design, which included an improper pitch and slope of the overhang roof; improperly hung and sized gutters and downspouts; an inadequate number of downspouts for the overhang roof; and improper drainage of the overhang roof.   
Plaintiffs alleged that defendant failed to correct these defective conditions or take other remedial action, such as the installation of heated cables or ice diverters in the gutters on the overhang roof.  These allegations were contained in subparagraphs 7(e) through 7(k) of counts I and II.  Finally, in subparagraph 7(o) of counts I and II, plaintiffs alleged that defendant negligently failed to keep the building's gutters free and clear at all times of stored materials and of an accumulation of water, mud, and refuse, in violation of section 26--172 of the Rockford Code of Ordinances (Rockford Code of Ordinances §26--172 (____)).

Defendant moved to dismiss plaintiffs' third amended complaint pursuant to section 2--615 of the Code.  Relying on 
Bloom
, 304 Ill. App. 3d 707, defendant  argued that, under the natural accumulation rule, it had no duty to remove the snow or ice that accumulated naturally on its premises.  Defendant further argued that plaintiffs' complaint failed to allege sufficient facts to establish that the icicles were an unnatural accumulation created as a result of a defective condition on the premises.  However, defendant did not challenge the pleading on any other basis.

Following a hearing, the trial court granted defendant's motion and dismissed with prejudice plaintiffs' complaint in its entirety.  The trial court explained that it found that plaintiffs' allegations of defect were conclusory and were insufficient to allege that defendant had created an unnatural accumulation on its premises.  The trial court further explained its ruling as follows:

"I'm going to dismiss it.  I don't believe you stated the cause of action.  I believe that there's no cause of action which can be stated and that's the only reason I would dismiss with prejudice on the [2--]615.  ***  I just don't feel there's a cause of action for icicles.  I just don't think *** that you'll be able to name [a cause of action] without finding [a] defect in the property itself."

Plaintiffs subsequently filed a timely notice of appeal.

On appeal, plaintiffs contend that the trial court erred in dismissing their complaint.  Plaintiffs argue that 
the natural accumulation rule does not extinguish a property owner's common-law duty to provide a reasonably safe means of ingress to and egress from its premises.  Plaintiffs assert that their complaint sufficiently alleges that they were injured as a result of defendant's negligence in failing to provide a safe means of ingress to and egress from its premises, free of known dangerous conditions.  Plaintiffs alternatively argue that, even if the natural accumulation rule does apply to their case, their complaint sufficiently alleges the existence of a defective condition on defendant's premises that allowed an unnatural accumulation of ice and icicles to form above the entrance.  Plaintiffs conclude that it was improper to dismiss their complaint pursuant to section 2--615 of the Code.

A complaint should be dismissed under section 2--615 for failure to state a cause of action only when it clearly appears that no set of facts could be proved under the pleadings that would entitle the plaintiff to relief.  
Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical  Contractors, Inc.
, 275 Ill. App. 3d 452, 456 (1995).  Although a section 2--615 motion to dismiss admits all well-pleaded facts as true, it does not admit conclusions of law or factual conclusions that are unsupported by allegations of specific facts.  
Lake County Grading
, 275 Ill. App. 3d at 457.  If, after disregarding any legal and factual conclusions, the complaint does not allege sufficient facts to state a cause of action, the motion to dismiss should be granted.  
Lake County Grading
, 275 Ill. App. 3d at 457.  In ruling on a motion to dismiss, the complaint's factual allegations are to be interpreted in the light most favorable to the plaintiff, but factual deficiencies may not be cured by liberal construction.  
Lake County Grading
, 275 Ill. App. 3d at 457.  We review 
de novo
 a trial court's order granting a section 2--615 motion to dismiss.  
T&S Signs, Inc. v. Village of Wadsworth
, 261 Ill. App. 3d 1080, 1084 (1994).

The essential elements of a cause of action based on common-law negligence are the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury caused by that breach.  
Ward v. K mart Corp.
, 136 Ill. 2d 132, 140 (1990).  Although the parties devote their entire appellate briefs to the question of whether defendant owed plaintiffs any duty as a matter of law, a careful examination of the complaint reveals that plaintiffs have failed to specifically allege the existence of a duty by defendant to plaintiffs.  Indeed, the word "duty" does not appear anywhere in the entire complaint.  Instead, paragraph 7 in counts I and II alleges that defendant committed the "negligent acts and omissions" that we have summarized above.  Lacking a threshold allegation of the existence of a duty, allegations that certain acts or omissions are negligent are conclusory and are insufficient to state a cause of action for negligence.  See 
Hancock v. Luetgert
, 40 Ill. App. 3d 808, 810 (1976) (noting that mere allegations that a defendant's negligence caused injury is conclusory and not sufficient to state cause of action).  Plaintiffs cannot state a cause of action merely by labeling certain acts or omissions as "negligent"; instead, plaintiffs must specifically allege the elements of duty, breach of duty, and injury caused by the breach.  See 
Kirk v. Michael Reese Hospital & Medical Center
, 117 Ill. 2d 507, 525 (1987).  We note that this pleading deficiency was neither commented upon by the trial court nor raised by defendant at trial or on appeal.  Nonetheless, in light of our 
de novo
 standard of review, we are compelled to conclude that plaintiffs have failed to allege the elements of a common-law cause of action for negligence and that dismissal of the complaint was proper on this basis alone.

However, in granting defendant's section 2--615 motion, the trial court dismissed plaintiffs' complaint with prejudice.  A complaint should be dismissed with prejudice under section 2--615 only if it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover.  
Andersen v. Mack Trucks, Inc.
, 341 Ill. App. 3d 212, 219 (2003).  Notwithstanding plaintiffs' failure to include an allegation of duty, we must nonetheless consider the legal issues presented by the parties on appeal to determine whether plaintiffs can allege a set of facts that would entitle them to recover and to determine whether dismissal with prejudice was warranted.  We thus turn to a consideration of the questions of whether defendant owed plaintiffs any duty under the facts as alleged in the complaint and whether the natural accumulation rule applies.

Generally, a property owner is not liable for injuries sustained as a result of falling on snow or ice that has accumulated as the result of natural causes.  
Bloom
, 304 Ill. App. 3d at 710.  However, a property owner may be held liable for such injuries if the accumulation of ice or snow becomes unnatural due to the design and construction of the premises.  
Clauson v. Lake Forest Improvement Trust
, 1 Ill. App. 3d 1041, 1045 (1971).  The construction and maintenance of a landowner's property are matters within the landowner's control.  
Bloom
, 304 Ill. App. 3d at 711.  Therefore, Illinois courts have noted that "[i]t is not imposing an undue burden on [the landowner] to require him not to add to the difficulties facing Illinois residents from natural accumulations of ice and snow by permitting unnatural accumulations due to defective construction or improper or insufficient maintenance of the premises."  
Bloom
, 304 Ill. App. 3d at 711, citing 
Lapidus v. Hahn
, 115 Ill. App. 3d 795 (1983).

Here, the parties focus much attention on 
Bloom
, 304 Ill. App. 3d 707, which is 
the only reported case in Illinois that has addressed the issue of a property owner's liability for injuries caused to a pedestrian by ice falling from a building.  In 
Bloom
, the plaintiff was injured as a result of being struck by falling ice while exiting a restaurant.  
Bloom
, 304 Ill. App. 3d at 709.  The plaintiff filed a negligence action against both the restaurant owner and the building owner.  During a deposition, a restaurant employee testified that, after the incident, he attempted to determine the origin of the ice that had fallen and observed four identical "protrusions" on the building.  All of the protrusions except one had four-foot ice formations on them.  The one protrusion that did not have an ice formation on it was located directly above the restaurant entrance where the plaintiff was struck.  
Bloom
, 304 Ill. App. 3d at 709.  There was also evidence that the restaurant had previously received several complaints from restaurant patrons about snow or ice falling around the entrance area where the plaintiff was injured.  
Bloom
, 304 Ill. App. 3d at 712.  The defendants moved for summary judgment, arguing that the plaintiff's injuries were caused by a natural accumulation of ice and that they owed no duty to the plaintiff under Illinois law.  The trial court granted summary judgment in favor of the  defendants, and the plaintiff appealed.  
Bloom
, 304 Ill. App. 3d at 710.

On review, the appellate court reversed the trial court's entry of summary judgment.  
Bloom
, 304 Ill. App. 3d at 712.  The appellate court initially considered and rejected the plaintiff's argument that the natural accumulation rule applied only to slip-and-fall cases and did not apply to cases involving injuries caused by falling snow or ice.  Without any explanation of its reasoning or citation to authority, the appellate court simply stated, "the natural accumulation rule applies to falling ice and snow that forms on a building as well as slip-and-fall cases."  
Bloom
, 304 Ill. App. 3d at 711.  The court then turned to a consideration of the propriety of the trial court's entry of summary judgment as to the building owner.  After considering the evidence, the court concluded that the plaintiff had presented sufficient evidence to establish a question of fact as to whether the protrusions on the building were defectively designed and allowed an unnatural accumulation of ice to form, thereby creating a hazardous condition for pedestrians.  The reviewing court explained that the plaintiff "has offered some facts that would allow a jury to find the falling ice was an unnatural accumulation or that the landlord caused the accumulation to develop in an unnatural way."  
Bloom
, 304 Ill. App. 3d at 712.  Accordingly, the court held that the entry of summary judgment on behalf of the building owner was improper.  
Bloom
, 304 Ill. App. 3d at 711.

The 
Bloom
 court next considered the propriety of the trial court's entry of summary judgment on behalf of the restaurant.  After noting that the restaurant was not the landowner and did not possess the section of the building upon which the protrusions were located, the court nonetheless explained that the restaurant did owe the plaintiff a duty to provide a safe means of ingress to and egress from its premises.  
Bloom
, 304 Ill. App. 3d at 712.  The court explained that, to survive summary judgment, the plaintiff was obligated to present some evidence that the restaurant had actual or constructive knowledge of the alleged defect and had failed to take reasonable precautions to avoid injury to its patrons and others.  
Bloom
, 304 Ill. App. 3d at 712.  After noting the existence of evidence that the restaurant might have been aware of prior complaints of falling snow or ice near the entrance, the court concluded that questions of fact existed as to the restaurant's knowledge of the potential danger of falling ice and its failure to take reasonable precautions to protect its patrons.  
Bloom
, 304 Ill. App. 3d at 712.  Thus, the court concluded that entry of summary judgment in favor of the restaurant was improper.  
Bloom
, 304 Ill. App. 3d at 712.

In a special concurrence, Justice Wolfson disagreed with the majority's decision to apply the natural accumulation approach to the case, characterizing it as "an analytic sidetrack."  
Bloom
, 304 Ill. App. 3d at 712 (Wolfson, J., specially concurring).  Justice Wolfson explained that, while Illinois courts are bound to analyze slip-and-fall cases in terms of natural or unnatural accumulation of ice or snow, such an analysis is not required in cases involving injuries from falling ice or snow.  
Bloom
, 304 Ill. App. 3d at 712 (Wolfson, J., specially concurring).  Instead, Justice Wolfson urged the application of traditional tort principles, requiring the plaintiff to prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that an injury was proximately caused by the breach.  
Bloom
, 304 Ill. App. 3d at 712 (Wolfson, J., specially concurring).  In regard to the element of duty, Justice Wolfson believed that the plaintiff had presented some evidence that the building owner and the restaurant had notice of the dangerous condition and that the entry of summary judgment was improper.  
Bloom
, 304 Ill. App. 3d at 713 (Wolfson, J., specially concurring).

Plaintiffs in this case, apparently under the impression that 
Bloom
 precludes any recovery against defendant for injury resulting from naturally accumulating ice falling from defendant's building, argue that we should decline to follow the majority opinion in 
Bloom
 and instead adopt Justice Wolfson's position that traditional tort principles should govern the scope of defendant's duty.  However, we need not consider this argument, as we do not interpret 
Bloom
 as precluding the cause of action that plaintiffs have attempted to allege in this case.  A careful reading of 
Bloom
 reveals that the majority applied the natural accumulation doctrine only when considering the liability of the building owner.  The building owner was the restaurant's landlord and had no direct business relationship to the injured plaintiff.  The majority relied on the well-settled rule in Illinois that a landlord cannot be held liable for injuries resulting from natural accumulations of ice and snow.  
Bloom
, 304 Ill. App. 3d at 711.

However, in considering the restaurant's liability for the plaintiff's injury, the majority in 
Bloom
 did not apply the natural accumulation rule.  Instead, the majority considered the restaurant's liability according to the common-law rule that a business owes a duty to its invitees to provide a reasonably safe means of ingress and egress.  
Bloom
, 304 Ill. App. 3d at 712.  In reversing the entry of summary judgment in favor of the restaurant, the majority concluded that the plaintiff had presented questions of fact as to whether the restaurant knew of the dangerous condition and whether it had failed to take reasonable precautions to protect its customers.  
Bloom
, 304 Ill. App. 3d at 712.

In this case, plaintiffs have alleged that defendant not only owned the building at issue but also operated a country club on the entire premises that was commonly used by members, patrons, visitors, and business invitees.  As the operator of the country club on the premises, defendant's duties to plaintiffs were akin to the restaurant's duties to its business invitees in 
Bloom
.  As noted in 
Bloom
, the operator of a business has a duty to provide a safe means of ingress to and egress from its premises.  
Bloom
, 304 Ill. App. 3d at 712.  Indeed, Illinois courts have consistently imposed a duty upon property owners to provide reasonably safe means of ingress to and egress from their places of business and have explained that this duty is not abrogated by the presence of a natural accumulation of ice, snow, or water.  See 
Richter v. Burton Investment Properties, Inc.
, 240 Ill. App. 3d 998, 1002 (1993); 
Branson v. R& L Investment, Inc.
, 196 Ill. App. 3d 1088, 1092 (1990); 
Kittle v. Liss
, 108 Ill. App. 3d 922, 925 (1982).  When a property owner prescribes a means of ingress and egress, it has a duty to illuminate properly and to give adequate warning of a known, dangerous condition, or it must repair the condition.  
Richter
, 240 Ill. App. 3d at 1002.

We therefore believe that plaintiffs could properly allege that defendant breached its duty to provide Charles with a reasonably safe means of ingress to and egress from its premises.  In its current form, the complaint alleges that defendant knew or should have known, "for a long time prior to this occurrence," of the presence of large and heavy icicles hanging over the front entrance of the country club and that these icicles created a dangerous and hazardous condition.  The complaint further alleges that Charles and all other business invitees were required to walk through this entrance to gain ingress to and egress from the country club.  The complaint alleges that, despite its knowledge of this dangerous condition, defendant failed to remove the icicles or warn its patrons of the danger.  As noted above, defendant's duty to provide to its invitees a reasonably safe means of ingress and egress is not abrogated by the natural accumulation of snow or ice.  See 
Richter
, 240 Ill. App. 3d at 1002.  Furthermore, as detailed above, the majority opinion in 
Bloom
 acknowledges this common-law duty.  Hence, the trial court erred in applying the natural accumulation rule in deciding whether to dismiss those allegations of plaintiffs' complaint that attempt to allege liability arising from defendant's failure to provide Charles with a safe means of ingress to and egress from the country club (subparagraphs 7(a) through 7(d) , 7(l) , 7(m), and 7(n) of counts I and II).

Defendant argues that, even if the natural accumulation rule does not preclude plaintiffs from pursuing these allegations, plaintiffs' complaint still fails to allege specific facts demonstrating the existence of a defective condition on defendant's premises and that defendant was on notice of the existence of the dangerous condition.  We disagree.  First, we believe that plaintiffs' allegations of the presence of numerous large and heavy icicles hanging over the entrance to the country club sufficiently stated the existence of a hazardous and dangerous condition on the property, constituting a defect.  Contrary to defendant's assertions, the governing case law does not require plaintiffs to prove the existence of a specific building defect on the premises; instead, the law requires that  plaintiffs prove that defendant knew of the presence of a 
dangerous condition
 on the premises and that defendant failed to take any action to protect its business invitees.  See 
Richter
, 240 Ill. App. 3d at 1002; 
McDonald v. Frontier Lanes, Inc.
, 1 Ill. App. 3d 345, 350-51 (1971)
.  Second, we believe that plaintiffs have sufficiently alleged that defendant had notice of the dangerous condition by stating that defendant "knew or should have known for a long time prior to [the] occurrence that the *** icicles present[ed] a dangerous and hazardous condition."  Although defendant argues that plaintiffs should be required to allege more specific facts establishing the element of notice, we nonetheless believe that plaintiffs' allegations of notice are sufficient at this stage of the litigation.  Although Illinois is a fact-pleading jurisdiction, plaintiffs are required to allege only the ultimate facts necessary to state a cause of action and are not required to set out all of the evidence.  See 
People ex rel. Fahner v. Carriage Way West, Inc.
, 88 Ill. 2d 300, 308 (1981) (holding that a plaintiff is required to allege only the ultimate facts to be proved and not the evidentiary facts tending to prove such ultimate facts).  We therefore hold that plaintiffs could allege a set of facts that would state a cause of action predicated upon a breach of defendant's duty to provide a reasonably safe means of ingress and egress.

We additionally hold that plaintiffs could allege a set of facts stating a cause of action predicated upon the presence of defective conditions on defendant's building, 
which caused an unnatural accumulation of water to overflow the building's eaves and gutters, resulting in the formation of numerous large and heavy icicles
.  Although we have already determined that plaintiffs were not obligated to allege an unnatural accumulation of snow or ice to state a cause of action that defendant breached its duty to provide Charles with a reasonably safe means of ingress and egress, plaintiffs certainly were not precluded from alleging defendant's negligence in failing to correct defective building conditions that permitted hazardous unnatural accumulations of water and ice to form.  Contrary to the conclusions of the trial court, we find no deficiency in the specificity of plaintiffs' allegations of defect contained in subparagraphs 7(e) through 7(k) of counts I and II of their  complaint.  As detailed above, plaintiffs alleged specific building defects, including an improperly pitched overhang roof
; improperly hung and sized gutters and downspouts; an inadequate number of downspouts for the overhang roof; and improper drainage of the overhang roof
.  As plaintiffs have pleaded specific building defects, we reject defendant's assertions that plaintiffs' allegations constitute legal conclusions.  We note that the purpose of a section 2--615 motion is to determine whether the plaintiff has stated a viable cause of action, not to consider whether the plaintiff will ultimately be able to procure evidence to support his allegations.  See 
Fahner
, 88 Ill. 2d at 308.  We
 
therefore conclude that plaintiffs could allege a set of facts that would state a cause of action predicated upon the presence of defective conditions on defendant's building
 that caused an unnatural accumulation 
of ice.

Because we conclude that plaintiffs could plead a set of facts that would entitle them to recover, we conclude that the trial court erred in dismissing their complaint with prejudice.  See 
Andersen
, 341 Ill. App. 3d at 219; 
Allen v. Berger
, 336 Ill. App. 3d 675, 681 (2002).  Instead, justice requires that plaintiffs be given an opportunity to replead their complaint.  See 
Andersen
, 341 Ill. App. 3d at 219 (holding that amendments should be liberally allowed if doing so will further the "ends of justice").  We therefore reverse that portion of the trial court's order dismissing with prejudice subparagraphs 7(a) through 7(n) of counts I and II, and we remand the cause with instructions that plaintiffs be given the opportunity to replead.

In closing, we note that plaintiffs have not requested reversal or raised any contention of error regarding the trial court's dismissal of their allegation of negligence predicated upon defendant's alleged violation of section 26--172 of the Rockford Code of Ordinances (subparagraph 7(o) of counts I and II).  Accordingly, we will not disturb that portion of the trial court's dismissal order.

For the foregoing reasons, we affirm that portion of the trial court's order dismissing subparagraph 7(o) of counts I and II of plaintiffs' complaint pursuant to section 2--615 of the Code, reverse the remainder of the trial court's dismissal order, and remand the cause for further proceedings as directed.

Affirmed in part and reversed in part; cause remanded with instructions.

O'MALLEY, P.J., and McLAREN, J., concur.