OLETHA REED, Plaintiff-Appellant, v. GALAXY HOLDINGS, INC., d/b/a Laundry World, Defendant-Appellee.

First District (4th Division)   No. 1—08—2443

Opinion filed August 20, 2009.—Rehearing denied September 17, 2009.

Steven J. Morton & Associates, Ltd., of Chicago (Steven J. Morton and Jane H. Kim, of counsel), for appellant.

Law Offices of Loretta M. Griffin, of Chicago (Loretta M. Griffin and Ana Maria L. Downs, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

In this negligence lawsuit, plaintiff Oletha Reed appeals the trial court's order granting summary judgment in favor of defendant Galaxy Holdings, Inc., d/b/a Laundry World. Plaintiff, a business invitee, sued defendant, a business operator, for personal injuries plaintiff allegedly sustained when she slipped and fell on a puddle of water when entering defendant's Laundromat. Applying the Illinois natural accumulation rule, the trial court granted summary judgment in defendant's favor. On appeal, plaintiff contends that the trial court erred in granting defendant's summary judgment motion because a genuine issue of material fact exists as to whether defendant breached a duty owed to plaintiff to provide a reasonably safe means of ingress and egress. Plaintiff also contends that by its own voluntary undertaking, defendant assumed a duty to provide its business invitees with a safe means of ingress and egress. Plaintiff further contends that defendant failed to demonstrate that it is entitled to judgment as a matter of law because a conflict in law exists among the districts of this court. For the reasons stated below, we affirm.

## BACKGROUND

Defendant occupies and operates Laundry World Laundromat. The Laundromat's entranceway contains two sets of doors. The first set of

doors allows entry from the outside into an interior vestibule area, and the second set of doors allows entry from the interior vestibule area into the Laundromat's main area. Before plaintiff arrived at the Laundromat on November 27, 2005, defendant's employee positioned one mat in the vestibule area between the first and second set of doors and a second mat inside the Laundromat beyond the second set of doors.

After arriving at the Laundromat, plaintiff entered the Laundromat approximately two to three times to unload laundry from her car. After unloading her laundry and parking her car, plaintiff entered the vestibule area from the outside and slipped and fell on a puddle of water as she stepped off the first mat and onto the bare vestibule floor.

Plaintiff brought an action against defendant for personal injuries resulting from defendant's alleged negligence in maintaining, upkeeping and inspecting the property. Plaintiff alleged that defendant was negligent for allowing the floor to become and remain in a wet and slippery condition, failing to dry the floor, failing to place "wet floor" signs or otherwise warn of the wet area, and failing to provide a safe means of ingress and egress.

Defendant denied all allegations of negligence and filed a motion for summary judgment on December 12, 2007.

During plaintiff's deposition, plaintiff testified that it was drizzling at the time of the incident and that the parking lot and concrete landing near the entranceway were wet. Identifying no other source for the puddle of water, plaintiff testified that from her understanding, the wetness came from the outside. Plaintiff also testified that defendant allowed the puddle of water to exist for approximately 60 to 90 minutes without making an attempt to dry the floor.

The Laundromat's manager testified during his deposition that when it rained or snowed outside, he expected the Laundromat's employees to place four mats at the entrance at all times, to place five safety cones around the store to warn of the wet floors, and to mop and towel dry the floor when possible.

On August 4, 2008, the trial court granted defendant's motion for summary judgment. Plaintiff timely appealed.

## ANALYSIS

This court reviews an order granting summary judgment *de novo*. *Judge-Zeit v. General Parking Corp.*, 376 Ill. App. 3d 573, 578, 875 N.E.2d 1209, 1214 (2007). Summary judgment "shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 2006). Construing the evidence in a light most favorable to the nonmoving party, a trial court may only grant summary judgment if the record shows that the movant's right to relief is clear and free from doubt. *Judge-Zeit*, 376 Ill. App. 3d at 579, 875 N.E.2d at 1214. In cases involving injuries resulting from accumulations of ice, snow, or water, "[i]n order to withstand a motion for summary judgment, a plaintiff must come forward with sufficient evidentiary materials to permit the trier of fact to find that defendant was responsible for an unnatural accumulation of water, ice or snow that caused plaintiff's injuries." *Bloom v. Bistro Restaurant Ltd. Partnership*, 304 Ill. App. 3d 707, 710, 710 N.E.2d 121, 123 (1999).

Plaintiff argues on appeal that defendant owed plaintiff a duty to remove the water on the floor or to provide a warning about the floor's wet condition. Plaintiff claims that defendant's common law duty to provide its business invitees with a reasonably safe means of ingress to and egress from its place of business is not abrogated by the natural accumulation rule. Therefore, plaintiff contends that the trial court erred in granting summary judgment in defendant's favor on the basis that plaintiff did not allege that defendant owed plaintiff a duty.

The essential elements of a common law negligence cause of action are the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury caused by that breach. *Judge-Zeit*, 376 Ill. App. 3d at 579-80, 875 N.E.2d at 1215. Whether a duty of care exists is a question of law to be decided by the court. *Roberson v. J.C. Penney Co.*, 251 Ill. App. 3d 523, 526, 623 N.E.2d 364, 366 (1993).

■ Plaintiff correctly states that property owners and business operators have a general duty to provide a reasonably safe means of ingress to and egress from their business. *Judge-Zeit*, 376 Ill. App. 3d at 580, 875 N.E.2d at 1215; *Bloom*, 304 Ill. App. 3d at 711, 710 N.E.2d at 124. Illinois law, however, is well settled that property owners as well as business operators are not liable for injuries resulting from the natural accumulation of ice, snow, or water that is tracked inside the premises from the outside. *Branson v. R&L Investment, Inc.*, 196 Ill. App. 3d 1088, 1092, 554 N.E.2d 624, 628 (1990); see *Clark v. Carson Pirie Scott & Co.*, 340 Ill. App. 260, 264-65, 91 N.E.2d 452, 454 (1950), citing *Murray v. Bedell Co. of Chicago*, 256 Ill. App. 247 (1930). Under the natural accumulation rule, property owners and business operators do not have a duty to remove the tracks or residue left inside the building by customers who have walked through natural accumulations outside the building. *Roberson*, 251 Ill. App. 3d at 528, 23 N.E.2d at 367. It is irrelevant whether a natural accumulation remains on the

property for an "unreasonable" length of time. See *Kellermann v. Car City Chevrolet-Nissan, Inc.*, 306 Ill. App. 3d 285, 288, 713 N.E.2d 1285, 1288 (1999). Since business owners and operators are not liable for failing to remove natural accumulations of water, owners and operators also have no duty to warn of such conditions. *Walker v. Chicago Transit Authority*, 92 Ill. App. 3d 120, 123, 416 N.E.2d 10, 13 (1980).

Nevertheless, property owners and business operators may be liable for injuries resulting from an accumulation of ice, water, or snow if a plaintiff establishes that the means of ingress or egress was unsafe for any reason other than a natural accumulation of ice, water, or snow. Compare *Branson*, 196 Ill. App. 3d at 1094, 554 N.E.2d at 629 (holding that since there was no evidence that the means of ingress and egress was unsafe for any reason other than a natural accumulation of water, there was no triable issue of fact), with *Kittle v. Liss*, 108 Ill. App. 3d 922, 925-26, 439 N.E.2d 972, 974 (1982) (holding that although the plaintiff-business invitee slipped and fell on a natural accumulation of ice, there was a triable issue of fact as to whether the owner provided adequate lighting in accordance with his duty to provide a reasonably safe means of ingress or egress). Plaintiff's burden is satisfied if he establishes that a defendant failed to meet his duty to properly illuminate the premises or to repair or give adequate warning of other known, dangerous conditions. *Richter v. Burton Investment Properties, Inc.*, 240 Ill. App. 3d 998, 1002, 608 N.E.2d 1254, 1257 (1993). The burden is also satisfied if a plaintiff establishes that his injuries resulted from an artificial or unnatural accumulation of water, or from a natural condition aggravated by the owner or operator. *Roberson*, 251 Ill. App. 3d at 528, 623 N.E.2d at 367; see, e.g., *Bloom*, 304 Ill. App. 3d at 711, 710 N.E.2d at 123 (holding that liability may exist if a plaintiff establishes that the accumulation of ice, snow, or water is unnatural due to the design, construction, or maintenance of the building or premises). Moreover, Illinois cases have held a business liable for injuries resulting from tracked-in water when the plaintiff specifically alleged that the materials used in the floors at issue were particularly slippery and dangerous when wet. *Selby v. Danville Pepsi-Cola Bottling Co.*, 169 Ill. App. 3d 427, 436, 523 N.E.2d 697, 701 (1988); *Lohan v. Walgreens Co.*, 140 Ill. App. 3d 171, 175, 488 N.E.2d 679, 681 (1986).

■ In this case, plaintiff failed to offer any evidence allowing a fact finder to find that the puddle of water was anything other than a natural accumulation or that defendant caused or aggravated the accumulation of water. Plaintiff admits that it was raining on the day of the incident and that the water was tracked in from the outside. Plaintiff also failed to present evidence establishing that her injury

resulted from a defect in the design, construction, or maintenance of the tile floor or that the premises were not properly illuminated. Plaintiff did testify that defendant placed two mats at the Laundromat's entranceway on the day of the incident. Allowing saturated mats to remain in an entranceway does not by itself, however, transform the tracked-in water into an unnatural accumulation or suggest that defendant aggravated the water's natural accumulation. *Roberson*, 251 Ill. App. 3d at 528, 23 N.E.2d at 367, citing *Wilson v. Gorski's Food Fair*, 196 Ill. App. 3d 612, 615, 554 N.E.2d 412, 415 (1990). Since plaintiff did not establish that the Laundromat's entranceway was unsafe for any reason other than a natural accumulation of water, plaintiff failed to allege that defendant owed plaintiff a duty.

Plaintiff contends, however, that she does not need to establish the presence of an unnatural accumulation to allege that defendant owed a duty. To support her position, plaintiff relies on *Bloom v. Bistro Restaurant Ltd. Partnership*, 304 Ill. App. 3d 707, 710 N.E.2d 121 (1999), and *McLean v. Rockford Country Club*, 352 Ill. App. 3d 229, 816 N.E.2d 403 (2004), which both held that the natural accumulation rule did not relieve businesses of their common law duty to provide a safe means of ingress and egress. Plaintiff also claims that defendant had a duty to reasonably maintain the sole point of entrance and exit for its business invitees, which is known as the prescribed means exception to the natural accumulation rule. See *Radovanovic v. Wal-Mart Stores East, Inc.*, No. 04 C 0014 (N.D. Ill. February 2, 2006).

The natural accumulation rule applies to slip-and-fall cases involving property owners and business operators regardless of where the injury occurs. See *Judge-Zeit*, 376 Ill. App. 3d 573, 875 N.E.2d 1209 (hospital's parking garage); *Branson*, 196 Ill. App. 3d 1088, 554 N.E.2d 624 (Laundromat's entranceway); *Wilson*, 196 Ill. App. 3d 612, 554 N.E.2d 412 (store's entranceway); *Lohan*, 140 Ill. App. 3d 171, 488 N.E.2d 679 (store's entranceway); *Walker*, 92 Ill. App. 3d 120, 416 N.E.2d 10 (bottom of stairs at train station); *Tzakis v. Dominick's Finer Foods, Inc.*, 356 Ill. App. 3d 740, 826 N.E.2d 987 (2005) (store's parking lot); *Handy v. Sears, Roebuck & Co.*, 182 Ill. App. 3d 969, 538 N.E.2d 846 (1989) (store's entranceway); *Bernard v. Sears, Roebuck & Co.*, 166 Ill. App. 3d 533, 519 N.E.2d 1160 (1988) (store's entranceway). An owner or operator is not liable for injuries sustained due to a natural accumulation of tracked-in water even at the sole point of egress or ingress. See *Branson*, 196 Ill. App. 3d 1088, 554 N.E.2d 624; *Wilson*, 196 Ill. App. 3d 612, 554 N.E.2d 412; *Handy*, 182 Ill. App. 3d 969, 538 N.E.2d 846; *Bernard*, 166 Ill. App. 3d 533, 519 N.E.2d 1160; *Lohan*, 140 Ill. App. 3d 171, 488 N.E.2d 679.

We agree with *Lohan v. Walgreens Co.*, 140 Ill. App. 3d 171, 488 N.E.2d 679 (1986), which is squarely on point with the instant case. In *Lohan*, the plaintiff sought recovery for injuries sustained when she slipped and fell on a puddle of water in the entranceway of the defendant's store. *Lohan*, 140 Ill. App. 3d at 172, 488 N.E.2d at 680. The plaintiff testified both that it was raining on the day of the accident and that she saw that the mats in the entranceway and the concrete leading up to the mats in the entranceway were wet. *Lohan*, 140 Ill. App. 3d at 172-73, 488 N.E.2d at 680. Upon entering the vestibule of the common entranceway of the defendant's store, the plaintiff fell, sustaining injuries as she stepped off a rubber mat and onto the wet bare tile. *Lohan*, 140 Ill. App. 3d at 173, 488 N.E.2d at 680. Even though it was the defendant's practice to set out additional safety mats when it snowed or rained, it did not do so on the day of the plaintiff's injury. *Lohan*, 140 Ill. App. 3d at 172, 488 N.E.2d at 680. The plaintiff brought an action against the defendant alleging that the defendant was negligent in having permitted water to remain on the floor and in failing to warn the plaintiff of the wet floor's dangerous condition. *Lohan*, 140 Ill. App. 3d at 172, 488 N.E.2d at 680. Holding that the defendant did not owe the plaintiff any duty with respect to a natural accumulation of tracked-in rainwater, the trial court granted defendant's motion for summary judgment. *Lohan*, 140 Ill. App. 3d at 173, 488 N.E.2d at 680. On appeal, this court affirmed, holding that the defendant was not liable as a matter of law for the natural accumulation of water and had no duty to remove the water tracked into its store, regardless of whether the defendant had rainy-day procedures in place. *Lohan*, 140 Ill. App. 3d at 175, 488 N.E.2d at 682.

Likewise in *Wilson v. Gorski's Food Fair*, 196 Ill. App. 3d 612, 554 N.E.2d 412 (1990), the plaintiff testified that before entering the defendant's store, it was raining periodically outside and she noticed the pavement leading up to the entranceway was wet. *Wilson*, 196 Ill. App. 3d at 614, 554 N.E.2d at 414. When entering the defendant's store, the plaintiff wiped her feet on a cloth mat, took two steps off the mat and fell on a puddle of tracked-in rainwater. *Wilson*, 196 Ill. App. 3d at 614, 554 N.E.2d at 414. The store's usual practice during rainy days was to keep a mop and bucket near the front of the store, periodically mop the floor in the entrance, and place a large mat near the entrance. *Wilson*, 196 Ill. App. 3d at 614, 554 N.E.2d at 414. The trial court granted summary judgment in the defendant's favor based on the plaintiff's testimony that she fell because of rainwater that was tracked inside the defendant's store. *Wilson*, 196 Ill. App. 3d at 614, 554 N.E.2d at 414. On appeal, this court rejected the plaintiff's contention that the water on the mat was an unnatural accumulation or that

the mat aggravated the water's natural accumulation. *Wilson,* 196 Ill. App. 3d at 615, 554 N.E.2d at 415. The *Wilson* court held that the defendant did not owe the plaintiff any duty because the evidence established that the water was tracked in from the outside. *Wilson,* 196 Ill. App. 3d at 616, 554 N.E.2d at 415. In so holding, this court relied on its earlier decision in *Lohan,* which concluded that tracked-in water from the outside is a natural accumulation relieving a landowner of any liability. *Wilson,* 196 Ill. App. 3d at 616, 554 N.E.2d at 415. Moreover, this court stated that it refused to depart from the long-standing rule that a landowner has no liability for injuries resulting from a natural accumulation of snow, ice, or water on his property. *Wilson,* 196 Ill. App. 3d at 617-18, 554 N.E.2d at 416.

*Lohan* and *Wilson* are dispositive of the issue presented here. Plaintiff slipped and fell on a puddle of water after she stepped off a mat in the entranceway of defendant's store. Plaintiff testified both that it rained on the day of the incident and that she had noticed that the concrete leading up to the entranceway was wet. Even though it was defendant's practice to mop and towel dry the floor and place cones and two additional mats by the entranceway on rainy days, defendant did not do so on the day of plaintiff's injury. Similar to *Lohan* and *Wilson,* however, the record in this case clearly establishes that the water was tracked in from the outside. Therefore, adopting the holding in *Lohan* and *Wilson,* defendant did not have a duty to remove the naturally accumulated water tracked into the Laundromat regardless of the prior existence of any rainy-day protocol.

Despite long-standing precedent to the contrary, plaintiff attempts to construct an exception to the natural accumulation rule by analogizing the instant case to *Bloom,* 304 Ill. App. 3d 707, 710 N.E.2d 121, and *McLean,* 352 Ill. App. 3d 229, 816 N.E.2d 403. Plaintiff's reliance on the holdings in *Bloom* and *McLean* is misplaced. Both *Bloom* and *McLean* were not slip-and-fall cases but rather cases involving falling ice that once protruded from a building. *Bloom* is further distinguishable because the plaintiff in *Bloom* presented evidence that the accumulation was unnatural and also that there was a building design defect. *Bloom,* 304 Ill. App. 3d at 711, 710 N.E.2d at 123. In this case, plaintiff not only fails to offer any evidence that would raise a factual question as to whether the water accumulation was unnatural, but also admits that the water was tracked in from the outside. Plaintiff also failed to present any evidence relating to a defective design of the floor or building. Moreover, *McLean* was decided by another district of this court, and since decisions in one district are not binding on other districts, we are not bound by *McLean. People v. Caban,* 318 Ill. App. 3d 1082, 1086, 743 N.E.2d 600, 604 (2001).

Plaintiff alternatively argues that defendant had a duty to reasonably maintain the sole point of entrance and exit for its business invitees, which is known as the prescribed means exception to the natural accumulation rule. Plaintiff's sole support for this contention is the federal case of *Radovanovic v. Wal-Mart Stores East, Inc.*, No. 04 C 0014 (N.D. Ill. February 2, 2006). This court, however, is not bound by federal court decisions. See *Prodromos v. Everen Securities, Inc.*, 389 Ill. App. 3d 157, 175, 906 N.E.2d 599, 615 (2009). Plaintiff's request to adopt the prescribed means exception is rejected as Illinois does not adhere to that exception.

For the reasons stated above, we apply the natural accumulation rule to the instant case and hold as a matter of law that the trial court did not err in finding that defendant did not owe plaintiff a duty to remove the water or warn of the wet conditions.

Next, plaintiff contends that by its own voluntary undertaking, defendant assumed a duty to take precautions against the natural accumulation of water near the entranceway. According to plaintiff, by adopting a rainy-day protocol, defendant assumed a duty of care requiring defendant to prevent the dangers of a wet and slippery floor by placing down additional mats, putting cones up, and mopping and towel drying the floor when it became wet. Plaintiff claims that failing to follow this protocol resulted in defendant's breach of a duty of care.

The voluntary undertaking doctrine mandates that if a property owner voluntarily assumed a duty to remove a natural accumulation of snow, ice or water, he is held to a standard of ordinary care and will be liable if he performs the undertaken duty negligently. *Tzakis*, 356 Ill. App. 3d at 746, 826 N.E.2d at 992. However, the duty of care to be imposed on the defendant is limited to the extent of his undertaking. *Roberson*, 251 Ill. App. 3d at 526, 623 N.E.2d at 366. Where the accumulation of water is a natural one, there is no duty to continue a voluntary undertaking to remove it. *Richter*, 240 Ill. App. 3d at 1005, 608 N.E.2d at 1259, quoting *Lohan*, 140 Ill. App. 3d at 175, 488 N.E.2d at 682. Businesses do not assume liability for natural accumulations by simply adopting a rainy- or snowy-day maintenance program. *Wilson*, 196 Ill. App. 3d 612, 554 N.E.2d 412; *Lohan*, 140 Ill. App. 3d at 175, 488 N.E.2d at 682. The critical inquiry is not whether a business placed two mats down instead of four, but rather whether that business placed those mats down negligently. See *Roberson*, 251 Ill. App. 3d at 526-27, 23 N.E.2d at 366; *Wilson*, 196 Ill. App. 3d at 617, 554 N.E.2d at 416.

Here, defendant's undertaking was to place two mats at the entranceway. Defendant did not then assume a duty to remove tracked-in water or install as many mats as necessary to absorb tracked-in water.

*Roberson*, 251 Ill. App. 3d at 526, 623 N.E.2d at 366. Defendant's duty extended only to maintaining with reasonable care the two mats placed down. See *Roberson*, 251 Ill. App. 3d at 526, 623 N.E.2d at 366. Since there is no evidence that defendant failed to maintain the mats with reasonable care, defendant is not liable for plaintiff's injuries.

For the reasons stated above, we conclude that the trial court did not err in finding that defendant did not owe plaintiff a duty through its own voluntary undertaking.

Plaintiff's final contention is that the trial court erred in granting summary judgment in defendant's favor because defendant failed to demonstrate that it is entitled to judgment as a matter of law. Relying on *Bloom* and *McLean*, plaintiff claims that there is a "discrepancy between the First Appellate District and the law from other appellate districts." According to plaintiff, since there is doubt pertaining to the relevant law and defendant failed to refute the factual and legal effects of *Bloom* and *McLean*, the trial court erred in granting summary judgment in defendant's favor. As discussed above, we choose to adopt and apply the well-settled and long-standing precedent in this district, which dictates that a property owner or business operator is not liable for injuries resulting from a natural accumulation of water. Accordingly, the trial court did not err in finding that defendant did not owe plaintiff a duty and that defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated, we affirm the trial court's order granting summary judgment in defendant's favor.

Affirmed.

O'BRIEN, P.J., and NEVILLE, J., concur.