**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 20, 2008
Decided November 17, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-1786

| | |
|---|---|
| DELORES WESTON,<br>          *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
|    *v.* | No. 3:07-cv-00088-WDS-DGW |
| WAL-MART STORES,<br>INCORPORATED,<br>          *Defendant-Appellee*. | William D. Stiehl,<br>   *Judge*. |

**O R D E R**

Delores Weston slipped and fell on the floor of a retail store owned and operated by Wal-Mart Stores, Inc. She sued. The district court granted summary judgment in favor of Wal-Mart; Weston appealed. For the reasons stated below, we affirm.

**BACKGROUND**

On December 9, 2005, Weston visited a Wal-Mart store in Belleville, Illinois. The day's temperate weather had melted off much of an earlier snowfall. The resulting slush and water was tracked into the store by shoppers, prompting Wal-Mart employees to place orange triangle warning cones around the store's entranceway. After Weston entered the store, she noticed an accumulation of water just beyond the entrance mats. She attempted to avoid the water by taking a few steps backwards, but in doing so, slipped and fell. Weston brought a diversity suit in federal court. The district court granted Wal-Mart's motion for summary judgment on March 10, 2008, finding that Wal-Mart was shielded from liability by Illinois' natural accumulation rule. This timely appeal followed.

**ANALYSIS**

On appeal, Weston argues that she presented evidence from which a trier of fact could determine that Wal-Mart negligently discharged a voluntarily assumed duty. We review a district court's grant of summary judgment *de novo*. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008).

Illinois law governs the extent of Wal-Mart's liability in this diversity action. In Illinois, the natural accumulation rule shields landowners from liability for injuries resulting from natural accumulations of substances such as ice, snow or water. *Lohan v. Walgreens Co.*, 499 N.E.2d 679, 681 (Ill. App. Ct. 1986). Moreover, a store owner owes no duty to continuously remove the tracks left by customers who have walked through such natural accumulations. *Id*. Although there exists no general duty to remove natural accumulations of ice and snow, a voluntary undertaking may subject a defendant to liability if it is performed negligently. *Tzakis v. Dominick's Finer Foods, Inc.*, 826 N.E.2d 987, 992 (Ill. App. Ct. 2005). However, the duty of care imposed on the defendant is limited to the extent of its undertaking. *Roberson v. J.C. Penney Co.*, 623 N.E.2d 364, 366 (Ill. App. Ct. 1993).

We first note that, while Weston contended in her brief that the water in the Wal-Mart store on which she slipped and fell constituted an unnatural accumulation, she conceded at oral argument that it was in fact a natural accumulation. Such a concession was wise, as the evidence in the record establishes that the accumulation of water in the entranceway resulted solely from the "slushy" conditions outside the store. Because the natural accumulation rule applies, Wal-Mart had no duty to remove the water in the store. See *Tzakis*, 826 N.E.2d at 992. Nevertheless, Weston argues that Wal-Mart took definite measures to attempt to control the water's accumulation by placing orange warning cones near the store's entryway, thereby assuming a duty to assure that the store's entryway was "free and clear of the hazards" created

by the water's accumulation. It's failure to take additional protective measures, Weston asserts, amounted to a breach of that previously-assumed duty.

Weston's argument misses the mark. Where the accumulation is a natural one, there is no duty to continue a voluntary undertaking to remove it. *Lohan*, 499 N.E.2d at 683 (defendant had no duty to lay down additional safety mats in store entranceway when floor was wet from tracked-in rainwater). Because a voluntary undertaking may only subject a defendant to liability if that undertaking is performed negligently, Weston must show a triable question of fact exists as to whether Wal-Mart placed or maintained the orange warning cones in a negligent manner.

In an effort to overcome this hurdle, Weston argues that Wal-Mart's failure to place the cones in a "readily identifiable" location amounted to negligence. She contends that a non-negligent undertaking required Wal-Mart to place the cones in a manner that alerted store shoppers to the full extent of the danger posed by the accumulated water. Weston attempts to saddle Wal-Mart with a duty that it did not owe; the duty Weston claims is beyond the scope of Wal-Mart's actual undertaking. Even assuming that a voluntary undertaking occurred, Wal-Mart's duty extended only to maintaining with reasonable care the cones that it actually placed near the store entranceway. See *Roberson*, 623 N.E.2d at 366 (J.C. Penney did not have a duty to install as many mats as necessary to absorb tracked-in water, but only to maintain with reasonable care the mats it did install). The record is absent of any evidence, or even assertion, that Wal-Mart failed to do so. Therefore, because Weston's admission that she slipped and fell on a natural accumulation of water shields Wal-Mart from liability and Wal-Mart owed no duty to continue the voluntary undertaking, the district court's entry of summary judgment was proper. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Accordingly, we AFFIRM the district court's grant of summary judgment.